CATHERINE T. GERRISH *vs.* WILLIAM F. GERRISH.

Essex. March 5, 1924. — May 22, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Husband and Wife,* Living apart for justifiable cause.

At the hearing of a petition under G. L. c. 209, § 35, filed in the Probate Court by a wife for a decree that she was living apart from her husband for justifiable cause and had been deserted by him, the trial judge found that the respondent had not deserted the petitioner, that she had a separate income, and that he had not failed to provide suitable support for her without just cause. He further found that the petitioner was a respectable woman of good repute and that the respondent believed her to be such, but that at various times the respondent had talked with the petitioner on the street and over the telephone, where the conversations were overheard, and asked her questions which implied that he believed her to be unchaste and had told her of his

illicit relations with other women and that he preferred them to her; that he intended to annoy her by his statements and believed that she would be annoyed by them; that her health had been impaired and that she had been caused to worry and had been caused mental distress by her husband's conduct, and that by reason of this conduct the petitioner was justified in refusing to live with the respondent. A decree was entered that the petitioner was living apart from the respondent for justifiable cause. *Held,* that the findings and decree were supported by the evidence.

A petition by a wife, under G. L. c. 209, § 35, for a decree that she is living apart from her husband for justifiable cause is not barred by a decree dismissing a previous petition by her for separate maintenance, based on allegations as to conduct of the respondent which occurred before the facts alleged as the basis for the second petition.

At the hearing of a petition under G. L. c. 209, § 35, by a wife for a decree that she was living apart from her husband for justifiable cause and had been deserted by him, the respondent offered in evidence a libel for divorce, which was pending and undecided and which had been filed by the wife, who therein alleged cruel and abusive treatment of her by the respondent at a period which was included in that covered by the allegations of the petition. The evidence was admitted but its use was restricted to the " question of desertion only." The respondent excepted to such limitation of the use of the evidence. *Held,* that there was no error of law in thus limiting the use of the evidence.

The fact, that the parties to the petition above described were not living together when the acts and conversations of the respondent injurious to the petitioner occurred, was not a circumstance which should prevent the judge from finding that, whatever might have caused the separation, the language of the conversations with its effect upon the petitioner and the intention the respondent had in using such language were a sufficient justification for the petitioner to live apart from him.

It is within the discretion of a judge of the Probate Court to deny a motion for specifications, filed by a respondent in a petition under G. L. c. 209, § 35, and, in the absence of evidence showing that such denial was an abuse of discretion, an exception thereto must be overruled.

PETITION, filed in the Probate Court for the county of Essex on May 8, 1923, for a decree establishing the fact that the respondent had deserted the petitioner and that she was living apart from him for justifiable cause.

In the Probate Court, the case was heard by *Dow,* J., a commissioner having been appointed under G. L. c. 215, § 18, for the taking of the evidence. Material evidence and findings of fact are described in the opinion.

A libel of the petitioner for a divorce from the respondent, dated November 13, 1922, and charging the respondent with cruel and abusive treatment of the petitioner, was offered

in evidence by the respondent. The trial judge admitted it " on the question of desertion only." The respondent offered it " for all purposes for which it is competent," and excepted to the restricting order of the judge.

A. B. *Tolman,* for the respondent.

W. B. *Sullivan,* for the petitioner.

CARROLL, J. This is a petition, dated May 16, 1923, alleging that the petitioner is living apart from her husband for justifiable cause and has been deserted by him. It was found by the judge of probate that in March, 1921, the petitioner brought a petition for separate support, which, after a hearing, was dismissed on January 4, 1923; that on November 23, 1922, the petitioner filed a libel for divorce alleging cruel and abusive treatment by her husband; that this libel is pending; that the parties were married in 1914, and separated September 12, 1920; that the petitioner is the owner of real estate which she desires to convey, and the respondent refuses to join in executing a deed. It was also found that the petitioner is a respectable woman of good repute and the respondent believes her to be such; that since the filing of the petition for separate support, in March, 1921, and since the hearing thereon, the respondent has at various times " talked with the petitioner on the street and over the telephone. A number of said conversations have been overheard by third persons;" that in these conversations the respondent has asked his wife questions which implied that he believed her to be unchaste and has told her of his illicit relations with other women and that he preferred these other women to her; that he intended to annoy her by his statements and believed she would be annoyed by them; that her health has been impaired and she has been made to worry and has been caused mental distress by her husband's conduct; and that by reason thereof she is justified in refusing to live with him. The judge found that the respondent had not deserted the petitioner; that she has a separate income and he has not failed to provide suitable support for her without just cause.

There was some evidence to support the findings of the judge and it could have been found that the indecent re-

marks of the husband were made for the purpose of injuring the wife and causing her to suffer. Without reviewing the evidence, it is sufficient to say that a decree that the wife is living apart from her husband for justifiable cause, in these circumstances, is. supported by the evidence. *Curtiss* v. *Curtiss,* 243 Mass. 51. *Turner* v. *Turner,* 234 Mass. 37, and cases cited.

The respondent contends that the decree dismissing the petition for separate support was *res judicata* as to the cause of the separation. The judge found that the facts, upon which the decree in the case at bar is based, occurred after the petition for separate support was filed and heard. In view of these findings, the decree in the former case was not *res judicata.* The case at bar does not present the same issues as those in the earlier case. The same issues were not involved and were not tried or determined in that case. This petition, for a cause occurring since the previous case, is not barred by the former decision. See *Jennings* v. *Wall,* 217 Mass. 278, 280; *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, 567; *Hanzes* v. *Flavio,* 234 Mass. 320.

The libel for divorce, which was pending when the case at bar was heard, was admitted in evidence on the question of desertion. There was no error in this ruling. The petition before the court was not only for desertion, but was brought for the purpose of having the court decide that the petitioner was living apart from her husband for justifiable cause; and on this issue the pending libel for divorce had no bearing. *Najjar* v. *Najjar,* 227 Mass. 450, decided that the filing of a libel of divorce on the ground of cruel and abusive treatment and of wanton refusal to provide suitable maintenance, shows an intention not to live with the libellee. The decree in the case before us was not based on the respondent's desertion. It was based entirely on the fact that the petitioner was living apart from her husband for justifiable cause. G. L. c. 209, § 35. There was no error of law in limiting the divorce libel to the question of desertion.

The parties were not living together when the acts complained of took place; but this circumstance did not prevent the judge from finding that, whatever may have caused the

separation, the language of the conversations with its effect upon the petitioner, and the intention the respondent had in using such language, were a sufficient justification for the petitioner to live apart from him.

There was no error of law in denying the motion for specifications. The court could properly have ordered specifications, but it does not appear that the discretion of the court was abused. *Nickerson* v. *Glines*, 220 Mass. 333, 334.

*Decree affirmed.*