HENRY P. BINNEY & another, trustees, *vs.* ATTORNEY GENERAL & others.

Suffolk.   January 20, 1927. — May 20, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Charity.*

A trustee under the will of one who had died in 1886 brought a suit in equity in 1924, after the death of all of the sisters of the testator, for instructions as to what disposition should be made of a fund as to which the will provided: "I desire my sisters to apply [the income] to the relief and comfort of the poor and unfortunate, whom we have aided in past years, and also to others, as their judgment may dictate.   It is strictly for private charities, and may be known to them, as I consider it, as 'the James and George fund.'   It is the best monument I can erect for them."   It appeared that in 1889 a predecessor of the trustee had sought instructions as to the same clause.   *Held,* that

(1) While the former decision, *Bullard* v. *Chandler*, 149 Mass. 532, was not *res judicata* as to what disposition should be made of the fund after the death of the sisters of the testator, it conclusively decided that the clause created a charitable trust; and that decision was followed;

(2) The provision that the distribution of the income was to be as the "judgment" of the sisters "may dictate" did not require that the trust should terminate at their death;

(3) The testator intended to establish a permanent trust in memory of his two deceased sons;

(4) The trustee was instructed to apply the net income of the fund to the relief and comfort of the poor and unfortunate, including those formerly aided by the testator and his sisters, as their judgment should dictate; and that, if they were unwilling to perform the duty of almoners, they should pay the income to a person or persons to be appointed by a single justice to act in that capacity.

Where a gift for charitable purposes is made, it will not fail for want of a trustee: the court will appoint a trustee who will apply the legacy to the objects and in such manner as will effectuate the intention of the testator.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on August 8, 1924, by trustees under the will of Mary D. Whitney, late of Boston, for instructions.

The suit was reserved by *Pierce*, J., for determination by the full court on the pleadings and an agreed statement of facts. Material facts are stated in the opinion.

*J. Woodbury*, stated the case.

*M. F. Weston*, Assistant Attorney General, for the Attorney General.

*H. E. Warner*, (*J. G. Palfrey* with him,) for other defendants.

CROSBY, J. This is a bill in equity for instructions brought by trustees under the will of Mary D. Whitney, who died in 1886. The case was reserved by a single justice of this court upon the bill, the answers, and an agreed statement of facts. The instructions sought relate to the duties of the trustees under the fourteenth clause of the will which is as follows:

"After the above willed division of my estate, should there be still property remaining, (to which would be added the legacy or legacies of any person or persons named in Article Twelfthly, not living at the time of my decease,) I wish it to constitute a fund, to be well invested, the income from which, I

desire my sisters to apply to the relief and comfort of the poor and unfortunate, whom we have aided in past years, and also to others, as their judgment may dictate. It is strictly for private charities, and may be known to them, as I consider it, as 'the James and George fund.' It is the best monument I can erect for them. If on the contrary, my property should have shrunk so far as to make it impossible to carry out all the above-named plans, I wish my sisters, nephews and nieces to be paid in full, and the remainder to be divided pro rata."

The original trustees and their successors have continued to pay the income from the fund to the three sisters of the testatrix until the death of one of them, Harriet S. Winslow, on September 13, 1915; thereafter it was paid to the surviving two, Catherine D. Savage and Josephine H. Bullard, until the death of the latter on March 5, 1917; from that time it was paid to Catherine D. Savage until her death on October 11, 1923. The plaintiffs seek instructions as to what disposition is now to be made of the fund.

It is the contention of the Attorney General that the plaintiffs as trustees should continue to hold and expend the income as formerly had been done by the sisters, or pay it to other almoners to be appointed by this court. The executors of the wills of the three sisters respectively submit their rights to the determination of the court. The other defendants, being or representing heirs or next of kin, contend that as the three sisters have deceased, the trust has terminated by its terms or is no longer capable of being carried out; that it was the intention of the testatrix that it should be administered in accordance with the personal judgment and discretion of the sisters; that such was an essential part of the trust and it was not intended by the testatrix that the trust should continue after their death; and that the next of kin are now entitled to the fund and its accumulations.

The rule is so well settled that the intention of the testator is to govern in the interpretation of his will unless inconsistent with the rules of law, that it is unnecessary to cite authorities in support thereof.

In the year 1889 the executors, also as trustees, under the will of the testatrix filed in this court a bill in equity for instructions. The case is reported in *Bullard* v. *Chandler*, 149 Mass. 532.

It is conceded by the Attorney General that as the three sisters were living when that case was decided, the present issue was not then before the court. It is plain that the previous decision is not *res judicata* of the present issue. It is, however, conclusive as to such issues as were actually before the court and determined, and upon the basis of which the decision was rendered. *Burlen* v. *Shannon*, 99 Mass. 200. *Hanzes* v. *Flavio*, 234 Mass. 320, 329. *Underwood* v. *Lennox*, 242 Mass. 357, 361. *Gerrish* v. *Gerrish*, 249 Mass. 219, 222.

The bill in equity in *Bullard* v. *Chandler* was brought by the trustees, predecessors of the present plaintiffs, to be instructed generally with respect to the disposition then to be made of the residue of the estate under the fourteenth clause of the will. The parties defendant were the Attorney General and the heirs and next of kin of Mrs. Whitney. It is manifest that the present plaintiffs represent the same interests as were before the court in the previous case, and are privies with the parties thereto.

In construing the clause of the will in question, it was said in the earlier decision (page 539): "If it was simply the gift of a sum of money, the residue of her estate, the income of which was to be distributed by her sisters solely to the poor and unfortunate, there would be no doubt that it came within the class of public charities, and, if they were unwilling to execute the trust, it might be executed by others. *Minot* v. *Baker*, 147 Mass. 348. . . . [page 541] Although the testatrix does not expressly provide for the appointment of others by whom the income shall be distributed when they shall decease, or if they shall refuse or neglect the duty she has imposed upon them, it cannot be that she expected it would fail. The application of the income of this fund to charity was her dominant object. Having created it, placed it in custody of trustees, confided the distribution of the income to her sisters, devoted to it the residuum of her

estate, and left it as a monument to her children, she might well suppose, if her attention was called to the matter, that proper means of executing her purpose could be provided through the medium of the courts, if in any matter of detail her provision therefor was insufficient. The charity intended by the testatrix was clearly specified. If the general object of the bequest is pointed out, or if the testator has fixed the means of doing so by the appointment of trustees with the power of selection vested in them, then the gift must be treated as sufficiently definite for judicial cognizance, and will be carried into effect. *White* v. *Ditson*, 140 Mass. 351, 357. . . . [pages 542, 543] There can be no difficulty by the ordinary procedure and methods of a court of chancery in supervising the execution of such a charity, in compelling, when deemed necessary, the rendering of proper accounts, and in providing that those who administer the income of the fund shall devote it in private charity for the relief of the poor and unfortunate. The result, therefore, is, that the fund created by the fourteenth clause of the will is to be held by the trustees named, and that the income thereof is to be paid to the sisters, to be applied to the relief and comfort of the poor and unfortunate, including those aided theretofore by themselves and the testatrix, in private charities, and as their judgment shall dictate, and that the income will be received by them upon this trust."

It appears from the above quotations that the question whether a charitable trust was created was directly before the court and was litigated and decided; although the disposition of the fund in the event of the death of the three sisters was not then before the court. And whether the disposition of the income from the fund was intended by the testatrix to be as the judgment of the sisters might dictate, and could be exercised only by them, also was then before the court and was fully litigated upon the question whether a charitable trust was intended to be created, and was determined against the contentions now made by the heirs and next of kin and the other respondents except the Attorney General in the present case.

Apart from the decision in *Bullard* v. *Chandler*, we are of

opinion that the trust is not to fail upon the ground that the distribution of the income was to be solely in accordance with the judgment and discretion of the three sisters. No valid reason appears why the income of the fund cannot be distributed by others in aid of the same class of poor and unfortunate persons in private charity, as was intended by Mrs. Whitney.

Cases like *Bullard* v. *Shirley*, 153 Mass. 559, *Teele* v. *Bishop of Derry*, 168 Mass. 341, *Gill* v. *Attorney General*, 197 Mass. 232, *Bowden* v. *Brown*, 200 Mass. 269, and other cases cited by the defendants where gifts have failed because the intention of the testator cannot be carried out, are distinguishable in their facts from the present case. In *Eustace* v. *Dickey*, 240 Mass. 55, which involved the question whether a trust created by deed had failed on the ground that it could not be carried out, it was said at page 75 that "Such a result ought not to be reached except for most compelling reasons, after the trust has been established and executed for so many years."

But where a testator selects persons to act, and it was his intention to limit discretionary power to such persons, they alone may act. *Sells* v. *Delgado*, 186 Mass. 25, 27. *Shattuck* v. *Stickney*, 211 Mass. 327, 331. That rule of construction is not pertinent in the present case. It does not appear that the testatrix expressly limited the distribution of the income solely to the discretion of her sisters, nor can it properly be so implied.

Where a gift for determinable charitable purposes is made, it will not fail for want of a trustee: the court will appoint a trustee who will apply the legacy to the objects and in such manner as will effectuate the intention of the testator. *Winslow* v. *Cummings*, 3 Cush. 358, 364. *Minot* v. *Baker*, 147 Mass. 348.

We are not unmindful of the argument which has been addressed to us on behalf of the next of kin, that it appears from the agreed facts that it was the intention of Mrs. Whitney to limit the trust to the lifetime of her sisters. The facts that she was an invalid and helpless; that during her lifetime the aid which she had given was to persons who were

also aided by her sisters; that such gifts had been small in amount and generally to persons connected with her family; that the residue of her estate, subject to the trust, was of a large amount, and the other agreed facts, are not sufficient to show that she intended the trust to terminate at the death of her sisters. It is manifest that she intended to establish a permanent trust in memory of her two deceased sons. They were her only children, and died about fifteen years before her death. Her intention is clearly expressed in the following words: "I wish . . . to constitute a fund, to be well invested, the income from which, I desire my sisters to apply to the relief and comfort of the poor and unfortunate, whom we have aided in past years, and also to others, as their judgment may dictate. It is strictly for private charities, and may be known to them, as I consider it, as 'the James and George fund.' It is the best monument I can erect for them." The beneficiaries were not limited by the trust to those whom the testatrix and her sisters had previously aided; it expressly included others. In view of the purpose for which it was established, it ought not to be held that she intended the trust should come to an end at the death of her sisters, unless there are compelling reasons in support of that conclusion; and in this case that does not appear.

It was held in *Bullard* v. *Chandler* that the charity was public and general in its purpose. While the decision did not deal with the question as to whether the trust would terminate upon the death of the sisters, yet so to hold many years after the case was decided would be contrary to the spirit of that decision. *Sherman* v. *Congregational Home Missionary Society*, 176 Mass. 349, 351. *Norris* v. *Loomis*, 215 Mass. 344, and cases cited.

It is plain that the cases of *Easterbrooks* v. *Tillinghast*, 5 Gray, 17, *Stratton* v. *Physio-Medical College*, 149 Mass. 505, *Bowditch* v. *Attorney General*, 241 Mass. 168, 174, are distinguishable in their facts from the present case.

The plaintiffs are instructed that they are to hold and invest the fund as heretofore upon trust, and apply the net income thereof to the relief and comfort of the poor and

unfortunate, including those heretofore aided by the testatrix and her sisters, in private charities, as their judgment shall dictate. If the plaintiffs should be unwilling to perform the duty of almoners heretofore performed by the three said sisters of the testatrix, they shall hold and invest said fund as heretofore upon trust, to pay the net income to such person or persons as a single justice of this court shall appoint to act as almoners thereof, and to apply the net income as received by them to the relief and comfort of the poor and unfortunate, including those aided heretofore by the testatrix and her three sisters, in private charities, and as their judgment shall dictate.

*Decree accordingly.*