## Co-operating Land & Development Company et al. v. Swiss Oil Corporation.

(Decided November 27, 1928.)

### Appeal from Lee Circuit Court.

1. Judgment.—A plea of res judicata cannot be defeated by reliance on imperfections in pleadings in former action in which judgment was entered on which plea of res judicata is based.
2. Judgment.—When right, question, or fact is distinctly put in issue and directly determined by court of competent jurisdiction, it cannot be disputed in subsequent suit between same parties or their privies, although second suit may be for different cause of action.
3. Judgment.—Former action, judgment in which is set up as res judicata of present action, held to have determined that plaintiff's lessor did not own land in question, and hence plaintiff obtained no title to oil or gas by reason of lease, thus precluding plaintiff from maintaining present action for trespass and removal of such oil and gas.

A. F. BYRD and L. G. CAMPBELL for appellants.

E. L. McDONALD for appellee.

Opinion of the Court by Judge Logan—Affirming.

A few years ago an action was brought in the Lee circuit court by E. Mitchell Cole and others claiming to be the heirs of Oliver Crawford, deceased. The Ohio Fuel Company, the Co-operating Land & Development Company, the appellant herein, the Swiss Oil Corporation, the appellee herein, and many other individuals and corporations were made parties defendant in that action. Answers were filed in that action by appellant through its receiver, C. C. Bosworth, and also by the appellee along with other defendants therein. E. Mitchell Cole and those joined with him were unsuccessful in that litigation.

Before the case was terminated, the appellant in this action, through its receiver, filed an answer which it made a cross-petition against its then codefendant, the Swiss Oil Corporation, which is appellee in this action. In that cross-petition appellant sought to recover a judgment against its codefendant, Swiss Oil Corporation, for the oil and minerals under a certain tract of land containing 12.86 acres, which it alleged was then in the possession of appellee which had trespassed upon it and removed oil therefrom of the reasonable value of $100,000.

The appellee filed an answer to the cross-petition of appellant in two paragraphs. The first paragraph was a traverse, and the second paragraph was a plea of res judicata. The judgment relied on as a bar is that affirmed by this court in the case of Swiss Oil Corporation against P. B. Pendergrass et al. It was substantially alleged that appellant filed its intervening petition in that action asserting ownership to the oil and gas in the 12.86 acres of land, and asking for a recovery against the appellee, and that appellant's title be quieted to the 12.86 acres; that an answer to the intervening petition was filed by appellee, and that an issue was formed and judgment entered dismissing the claim of appellant; that an appeal was taken from that judgment to this court, and the judgment of the lower court was affirmed.

Appellant filed a reply admitting allegations as to the former action and the issues as stated in the answer of appellee, and also admitting that the judgment mentioned in the answer was rendered. But it was denied that the judgment affected the title of appellant to the 12.86 acres of land in controversy. The appellant had obtained its claim to the oil and gas in this particular tract of land from H. G. Crabtree through a certain lease covering the land. In its reply appellant alleged that it never asserted any title or claim to the surface of the land in controversy, and that there was no issue in the former action between it and the appellee with reference to the surface of the land, and that it was for that reason that it was adjudged that appellee was the owner and in possession of the surface, and that its title was quieted thereto. It was further alleged that the intervening petition of appellant in that case was dismissed on the ground that the proof failed to show that appellant was in possession of the oil and gas under the lease, and appellant was not entitled to a judgment quieting its title, unless it was in the actual possession of the property claimed. It was further alleged in the reply that the judgment in the former action did not give appellee any right to the oil and gas under the land in controversy, and that it was a bar, therefore, against the right of appellee to recover in this action. The appellee, in this action, is seeking to prevent appellant from recovering, and is not seeking to do more than hold what it has. A rejoinder to the reply was filed by appellee more fully pleading the terms of the former judgment, and setting

up the pleading on which it was based. The pleadings in this case were carried along as far as there was anything to name them, but the whole issue may be stated in a few words. The appellee claimed that it had been adjudged in the former suit that appellant had no title to the oil and gas under the H. G. Crabtree 12.86 acres. The appellant was insisting that the former judgment was not susceptible of that construction, and that it was still entitled to have the question of ownership litigated. The lower court was of the opinion that the matter had already been settled in the former suit, and appellant was dismissed.

The appellant seeks to raise several questions on this record about the pleadings in the former action. There may have been imperfections in the pleadings in the former action but the plea of res judicata cannot be defeated by reliance on such imperfections at this time. The case was prosecuted to judgment, and an appeal was brought to this court, and we find that the opinion in the case of Pendegrass v. Swiss Oil Corporation, 217 Ky. 789, 290 S. W. 713, does not leave the question of title to the 12.86 acres open so far as appellant is concerned. It has been held by this court that, when a right, question, or fact is distinctly put in issue and directly determined by a court of competent jurisdiction, it cannot be disputed in a subsequent suit between the same parties, or their privies. This is true, although the second suit be for a different cause of action. If the right, question, or fact has been once determined between the same parties, or their privies, it is conclusively established as long as the judgment so establishing it remains in force and unmodified. Ewald's Executor and Trustee v. City of Louisville, 192 Ky. 282, 232 S. W. 388; Moore v. Gas & Electric Shop, 216 Ky. 530, 287 S. W. 979; Holliday et al. v. Cornett, Sheriff, 224 Ky. 356, 6 S. W. (2d) 497; Turner v. Deaton, 220 Ky. 154, 294 S. W. 1063.

It remains only to determine whether the question as to whether appellant was the owner of the oil and gas was determined in the former action. An examination of the opinion of this court on the appeal from the judgment of the lower court does not leave the mind in doubt. After stating the general facts in the case, this court first took up the claim of Crabtree to the 12.86 acres, and exhaustively reviewed the evidence on that point. The conclusion of the court was that Crabtree did not own

the 12.86 acres of land. Appellant was claiming under Crabtree. If Crabtree did not own the land, he could pass no title to appellant through the lease which he executed, and appellant could have no title to the oil and gas by reason of that lease. It admits that it was not in possession of the oil and gas, and without title it cannot maintain its action against appellee. The lower court was of the opinion that the former judgment was a bar to this action, and in that conclusion we concur.

Judgment affirmed.