## Vaughn's Adm'r v. Louisville & N. R. Co.
## Louisville & N. R. Co. v. Vaughn et al.

Feb. 22, 1944

310

Finn & Orendorf for the Vaughns.

Dowling & Baird, Rodes & Willock, and H. T. Lively for **Louisville** & N. R. Co.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Robert Vaughn, Jr., a boy 16 years of age, was killed on May 24, 1941, when a truck driven by him was struck by a freight train of the Louisville & Nashville Railroad Company at a public crossing in Horse Cave, Kentucky. Two other young boys, Guy Tosh, Jr., and David Smith, were riding in the truck with young Vaughn when the accident occurred. They also were killed. The truck was owned and operated by Mattie Vaughn, grandmother of Robert Vaughn, Jr., and by Robert Vaughn, Sr., and Elizabeth Vaughn, his father and mother, respectively.

Mattie Vaughn, Robert Vaughn, Sr., and Elizabeth Vaughn were jointly engaged in the business of selling and delivering dairy products in the city of Horse Cave, and the truck was being used to deliver dairy products at the time of the accident. The administrators of Guy Tosh, Jr., and David Smith brought actions in the Hart circuit court against the Louisville & Nashville Railroad Company, Mattie Vaughn, Robert Vaughn, Sr., and Elizabeth Vaughn to recover for the deaths of their decedents. In their petitions they alleged that Robert Vaughn, Jr., was the agent, servant and employee of Mattie Vaughn, Robert Vaughn, Sr., and Elizabeth Vaughn, and that he carelessly, recklessly, and negligently drove the dairy truck onto the railroad track, and that the railroad company and its agents and employees carelessly and negligently ran its train into the truck. They further alleged that the deaths of their decedents resulted by reason of the joint and concurrent acts of negligence of the defendants, the Louisville & Nashville Railroad Company and the Vaughns, by and through their agent, servant and employee. In their answer the Vaughns denied that Robert Vaughn, Jr., carelessly, recklessly or negligently drove the dairy truck onto the railroad track or that the deaths of Guy Tosh, Jr., and David Smith resulted directly or proximately from the joint or concurrent carelessness or negligence or any carelessness or negligence of Mattie Vaughn, Robert Vaughn, Sr., or Elizabeth Vaughn. In a separate paragraph they pleaded contributory negligence of the decedents. The railroad company in its answer alleged that Robert Vaughn, Jr., negligently operated the dairy truck and drove it into the engine of the railroad company's train without any negligence or fault on the

part of the railroad company, its agents or servants, and that the collision occurred as the proximate result of the negligence of Robert Vaughn, Jr. In amended petitions the administrators of the estates of Guy Tosh, Jr., and David Smith alleged that the crossing where the collision occurred was unusually dangerous. Later Robert Vaughn, Sr., administrator of the estate of Robert Vaughn, Jr., deceased, brought an action in the Hart circuit court against the Louisville & Nashville Railroad Company to recover for the death of his intestate. A motion was made to try all three of the cases together. The railroad company objected, and its objection was sustained. The Smith and Tosh cases were consolidated and tried together. The defendants, Mattie Vaughn, Elizabeth Vaughn, and Robert Vaughn, Sr., filed a motion in which it was stated that their interests and the interests of the railroad company were antagonistic, that their defenses were wholly inconsistent with the defenses of the railroad company, and moved the court to impanel a jury of 21 so that each set of defendants might have three challenges. Their motion was sustained. The trial of the Smith and Tosh cases resulted in a verdict and judgment for the plaintiff in each case in the amount of $2,500 against the Louisville & Nashville Railroad Company and $400 against Mattie Vaughn, Elizabeth Vaughn and Robert Vaughn, Sr. The plaintiff's costs in each case were adjudged one-half against the railroad company and one-half against the Vaughns. The judgments were satisfied by the respective defendants.

Thereafter, in the action of Robert Vaughn, Sr., administrator of the estate of Robert Vaughn, Jr., against the Louisville & Nashville Railroad Company, the defendant filed an amended answer, cross-petition, and counterclaim in which Robert Vaughn, Sr., Elizabeth Vaughn, and Mattie Vaughn were made defendants. In paragraph one of the pleading the railroad company adopted the allegations of its original answer. In paragraph two it pleaded the judgments in the Smith and Tosh cases in bar to a right of recovery by Robert Vaughn, Sr., administrator of the estate of Robert Vaughn, Jr. It was alleged that Robert Vaughn, Jr., at the time of his death, owed no debts, had no creditors, and that his father and mother, Robert Vaughn, Sr., and Elizabeth Vaughn, were his sole heirs at law and would be entitled to the benefit of any judgment which Robert

Vaughn, Sr., as administrator, might recover against the railroad company; that the action brought against the railroad company by the administrator of Robert Vaughn, Jr., was for the benefit of himself and his wife, Elizabeth Vaughn; and that they were estopped because in the Tosh and Smith cases, in which they were parties, it had been adjudged that Robert Vaughn, Jr., as the driver of the truck, was himself negligent, and that his negligence directly and proximately contributed to bring about the collision with the defendant's train. It was further alleged that Robert Vaughn, Sr., Elizabeth Vaughn, and Mattie Vaughn were present during the trial of the Smith and Tosh cases, in person and by counsel, and actively participated in the trial, examining witnesses and arguing the cases before the jury, and, at the conclusion of the trial and after the verdict had been entered, filed no motion for a new trial. The third paragraph of the railroad company's answer was made a cross-petition and counterclaim against Robert Vaughn, Sr., administrator of Robert Vaughn, Jr., Robert Vaughn, Sr., individually, Elizabeth Vaughn, and Mattie Vaughn for contribution based upon the amounts which the railroad company paid in satisfaction of the judgments in the Smith and Tosh cases. A general demurrer to the amended answer, cross-petition, and counterclaim was overruled as to the paragraph pleading the judgments in the Smith and Tosh cases in bar of the plaintiff's right of recovery, and sustained as to paragraph three pleading right of contribution. A reply was filed and a demurrer thereto was sustained. The plaintiff declined to plead further, his petition was dismissed, and he has appealed. The railroad company has appealed from the judgment sustaining the demurrer to paragraph three of its answer, cross-petition, and counterclaim and dismissing its counterclaim against the defendants, Robert Vaughn, Sr., Elizabeth Vaughn, and Mattie Vaughn. The two appeals have been consolidated.

The issues made by the pleadings prior to the filing of the amended answer by the railroad company were whether or not the collision between the truck driven by Robert Vaughn, Jr., and the defendant's train was caused by the negligence of the defendant, its servants and employees, or whether or not Robert Vaughn, Jr., was, himself, negligent, and that his negligence in operating and driving his truck so caused and contributed to

314

produce the collision that but for same it would not have occurred. It was alleged in the amended answer that the negligence of Robert Vaughn, Jr., had been decided and adjudged in the Smith and Tosh cases, and that those cases involved the same facts and circumstances and the same transaction that resulted in his death. The amended answer constituted a plea of res judicata. As a plea, a former adjudication is a bar to subsequent suits for the same cause; as evidence, it is conclusive of the facts therein established. 34 C. J., Judgments, Sec. 1154. The rule of res judicata means that when a court of competent jurisdiction has determined a fact or question which was actually and directly in issue in a former suit, the judgment until reversed or modified, is final and conclusive in respect to such fact or question as between the parties to the suit and their privies. Co-operating Land & Development Co. v. Swiss Oil Corporation, 226 Ky. 526, 11 S. W. (2d) 109; Ewald's Ex'r v. City of Louisville, 192 Ky. 279, 232 S. W. 388. As a general rule res judicata can be invoked only where the subsequent litigation is between the parties to the former judgment or their privies, and where their interests were adverse in the prior proceeding. This does not mean that they must have been plaintiff and defendant, respectively, but it is sufficient if they were asserting adverse interests, as here, even though they were both denominated defendants or plaintiffs. Hogg v. Caudill, 228 Ky. 396, 15 S. W. (2d) 239; Corcoran v. Chesapeake & Ohio Canal Co., 94 U. S. 741, 24 L. Ed. 190; A. B. C. Fireproof Warehouse Co. v. A., T. & S. F. Railway Co., 8 Cir., 122 F. (2d) 657; 34 C. J., Judgments, Sec. 1478. In pointing out the distinction between the use of a former adjudication as an absolute bar to a second action and its use as an estoppel to a relitigation of questions which were actually litigated and determined in the first action, the author in Freeman on Judgments, 5th edition, vol. 2, Secs. 676 and 677, says:

"Where the cause of action in the second action is the same as that in the first action, a final judgment in the latter upon the merits is a complete bar to the maintenance of the second action. * * * On the other hand, where the causes of action involved in the two actions are different, the judgment cannot operate as a bar even though it may defeat the second action because it conclusively and negatively adjudicates some fact essential to maintain the latter. Under such circumstances the

estoppel does not extend to matters which might have been litigated in the first action but is limited to those matters or issues common to both actions which were either expressly or by necessary implication adjudicated in the first.''

This distinction is recognized in Prewitt v. Wilborn, 184 Ky. 638, 212 S. W. 442. In the Smith and Tosh cases the interests of the railroad company and its co-defendants, Robert Vaughn, Sr., and Elizabeth Vaughn, were adverse and an issue between them as to the negligence of Robert Vaughn, Jr., agent of Mr. and Mrs. Vaughn, was made by their pleadings. Mr. and Mrs. Vaughn participated in the trial, were represented by their own attorneys, and, in order to prevent a judgment against them, endeavored to establish that the negligence of the railroad company was the sole cause of the collision and that their agent, Robert Vaughn, Jr., was not guilty of concurring negligence proximately contributing to the collision. The question of the negligence of Robert Vaughn, Jr., was adjudicated and determined, and Mr. and Mrs. Vaughn are estopped to relitigate the question. Blue Valley Creamery Co. v. Cronimus, 270 Ky. 496, 110 S. W. (2d) 286. Does it follow that Robert Vaughn, Sr., as administrator of the estate of Robert Vaughn, Jr., deceased, is estopped? The answer is yes since this action is brought solely for the benefit of Robert Vaughn, Sr., and Elizabeth Vaughn, who will be the only beneficiaries of any recovery. They were defendants in the Smith and Tosh cases, and are the real plaintiffs here since they are the only persons to be benefited by this litigation. Robert Vaughn, Sr., is administrator of the estate of Robert Vaughn, Jr., and is merely acting in a representative capacity for Elizabeth Vaughn and himself, individually. As a general rule a judgment, rendered for or against a person who has brought an action or has been sued in his individual right, is not operative under the doctrine of res judicata in a subsequent action brought by or against the same person in a representative capacity, but this rule has no application where a party to one action in his individual capacity and to another action in his representative capacity is, in each case asserting or protecting his individual rights. Chicago, R. I. & P. Railway Co. v. Schendel, 270 U. S. 611, 46 S. Ct. 420, 70 L. Ed. 757, 53 A. L. R. 1265; Bowman v. Parks, 166 Iowa 403, 147 N. W. 850; Binney v. Attorney General, 259 Mass., 539, 156 N. E. 724; Irwin

v. Alabama Fuel & Iron Co., 215 Ala. 328, 110 So. 566; Wilson-Harris v. Southwest Telephone Co., Okl. Sup., 141 P. (2d) 986; Rost v. Heyka, 133 Kan. 292, 299 P. 969; Chandler v. White Oak Creek Lumber Co., 131 Tenn. 47, 52, 173 S. W. 449, 450. Cf. Louisville & Nashville Railroad Co. v. Jones' Adm'r 215 Ky. 774, 286 S. W. 1071, 53 A. L. R. 1255. By a parity of reasoning the foregoing general rule has no application where the person acting in a representative capacity is asserting the rights of another who was a party to the former action and whose rights were there adjudicated. Cases supra. Although the second action may not be technically for the same cause as the first action, yet if it is so related to it that some matter essential to recovery in the second action was determined in the first, the judgment will operate as an estoppel in the second action. Bigelow on Estoppel, chapter 3, Sec. 2; 34 C. J., Judgments, Sec. 1235. This action is brought under KRS 411.130, which gives a cause of action to a personal representative for the sole benefit of named beneficiaries. The recovery in an action for wrongful death is not for the benefit of the estate but for the next of kin, here the decedent's father and mother. The substance of the present action is that the surviving beneficiaries are suing, since they only are entitled to the benefit of a recovery. The statutory authority of the administrator, where the decedent leaves any of the kindred named in the statute, is to sue for the benefit of the next of kin. The administrator is merely a nominal plaintiff. The real parties in interest are the beneficiaries whom he represents. As said in the Schendel case [270 U. S. 611, 46 S. Ct. 423, 70 L. Ed. 757, 53 A. L. R. 1265]:

"Since the statutory authority of the administrator is to sue, not in his own right or for his own benefit, or that of the estate, but in the right and for the sole benefit of the widow, the same principles are applicable, in accordance with the general rule that 'whenever an action may properly be maintained or defended by a trustee in his representative capacity without joining the beneficiary, the latter is necessarily bound by the judgment.' I Freeman on Judgments (5th Ed.) Sec. 500. Identity of parties is not a mere matter of form, but of substance. Parties nominally the same may be, in legal effect, different (Bigelow on Estoppel [6th Ed.] 145); and parties nominally different may be, in legal effect, the same. (Citations)."

If the administrator refuses to institute a suit against the wrongdoer, the surviving beneficiary may sue. Harris v. Rex Coal Co., 177 Ky. 630, 197 S. W. 1075; McLemore v. Sebree Coal & Mining Co. 121 Ky. 53, 88 S. W. 1062. It follows that Robert Vaughn, Sr., and Elizabeth Vaughn, for whose sole benefit this action was brought, may not relitigate the question of negligence of Robert Vaughn, Jr., which was adjudicated in the Smith and Tosh cases.

The demurrer to the paragraph of the defendant's answer pleading right of contribution was properly sustained. Whatever may have been the rights of the parties in the first action, the question of contribution was there determined and the judgment against the respective defendants were satisfied. The railroad company cannot now, in this independent action, ask for additional contribution from its codefendants in the first action.

The judgment on each appeal is affirmed.