## SPRADLIN v. WILLIAMSON.

Court of Appeals of Kentucky.

Feb. 13, 1953.

Rehearing Denied May 8, 1953.

F. M. Spradlin, pro se, for appellant.

W. R. McCoy, Jr., Inez, for appellee.

DUNCAN, Justice.

By this action, appellee sought to quiet his title to approximately five acres of land in Martin County. From a judgment declaring appellee to be the owner of the land and dismissing appellant's counterclaim, the appeal is prosecuted.

By a prior action in the Martin Circuit Court, the appellant sought to quiet his title to the same land against James A. Williamson, appellee's predecessor in title. Appellant was unsuccessful in that action, and the judgment was affirmed upon appeal to this Court. Spradlin v. Williamson, 298 Ky. 93, 182 S.W.2d 335.

The parties claim through a common grantor, M. C. Dingus, who conveyed to appellant a tract of land in Johnson County adjoining the Martin County line. Subsequently, the same grantor conveyed to appellee's predecessor a tract in Martin

County, calling for a corner common to appellant's tract on the county line. There is some controversy concerning the proper location of the county line at the point where it divides the land between the parties, but neither of the judgments sought to determine its location.

The opinion on the first appeal recites that after the execution of their deeds the parties took possession of their respective boundaries to the line now claimed by appellee and fixed by the court and that possession on the part of appellee and his predecessor continued for the statutory period. As between the parties and their privies, any fact or issue expressly, or by necessary implication, determined in a former suit is final and conclusive in any subsequent action involving the same fact or issue. Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441, 152 A.L.R. 1060. The opinion on the first appeal is conclusive and precludes our re-examination of the facts which were there determined.

The judgment is affirmed.