2b 301
94 278

2bu301
f135 755

CASE 77—PETITION EQUITY—OCTOBER 4.

# Robertson vs. Lemon and wife.

APPEAL FROM HARRISON CIRCUIT COURT.

In actions for breach of warranty of title to land, restitution to the extent of the failure of consideration is the fixed and only stable or consistent rule. The true criterion *is not the value* of the land at the time of eviction, *but the amount received* for the lost land, and all legal costs incurred in resisting the eviction.

W. W. TRIMBLE,                          For Appellant,

CITED—

11 *B. Mon.*, 367.

13 *Johnson*, 50 ; *Burnett vs. Jenkins.*

3 *Cain's Cases*, 199 ; *Stouts vs. Ten Eyck.*

2 *Bibb*, 415.

2 *Bibb*, 590.

3 *Bibb*, 175.

4 *Dana*, 453.

9 *B. Mon.*, 49.

6 *Wheaton*, 118 ; *Hopkins vs. Lee.*

2 *Parsons on Contracts, pp.* 500, 502.

5 *Johnson*, 49 ; *Morris vs. Phillips.*

1 *Parsons on Contracts*, 187, *title Eviction.*

BECK & BOYD,                          For Appellee,

CITED—

2 *Bibb*, 278 ; *Cox's heirs vs. Strode.*

3 *Cains*, 111.

3 *Monroe*, 348.

2 *B. M.*, 275.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On the 12th of March, 1842, the appellant, James Robertson, sold, and by deed of general warranty conveyed to Moses Thomas, for sixty-five dollars an acre, a tract of land described as containing one hundred and eight acres.

On the 18th of October, 1849, Thomas having died, his executors, under a power given to them by his will, sold and conveyed to James C. Lemon his homestead tract of land of three hundred and fifty-nine acres, including the one hundred and eight acres previously conveyed to Thomas by Robertson. The price of this larger tract of three hundred and fifty-nine acres was sixty-one dollars an acre; and Thomas having withheld from Robertson about four thousand dollars due on the conveyance of the one hundred and eight acres, because he doubted the title to seventy acres thereof, the conveyance by his executors contained only a special warranty of the title thereto; out of the price agreed to be paid to Thomas' executors Lemon paid to Robertson the residual debt for the one hundred and eight acres, and excepted from the general warranty the said seventy acres, in consideration of a covenant by Robertson and by John Lail, as his surety, to indemnify him " against all loss, cost, and damage growing out of or on account of any defect in the title;" and to assure the promised indemnity, Lail executed to Lemon a mortgage on another tract of land claimed as his own.

On the 1st of March, 1861, Lemon, for the consideration of eighty-five dollars an acre, sold and conveyed to J. G. Garth, by deed of general warranty, the tract of three hundred and fifty-nine acres, including the said seventy acres. And afterwards a judgment of eviction on a paramount title was rendered against Lemon and

Robertson vs. Lemon and wife.

Garth for fifty-four acres of the said seventy acres, or rather for one half of the one hundred and eight acres described in the judgment as one hundred and five acres. And costs and rent were also adjudged.

This suit was brought to enforce the covenant of indemity by a sale of the mortgaged land or otherwise; and, on the hearing, the circuit court continuing the case as to the mortgage, rendered a judgment against Robertson for eighty-five dollars an acre for fifty-four acres as lost by the judgment of eviction, and for the assessed rents and for costs, including three hundred dollars for counsel's fees in resisting the judgment of eviction.

From that judgment he appeals.

The appellant is certainly liable for the legal costs incurred in resisting the eviction, and also for a reasonable fee paid to counsel for defending the action. There is nothing in the record to show whether the adjudged amount of three hundred dollars was reasonable or not; further preparation might certify this matter more satisfactorily. But assuming, as we must do, that the use of the lost land was equivalent to the assessed rent, the appellant is not justly liable for rents adjudged against the occupants, who, by the use, have already been fully paid the amount so adjudged for the use. So far as rents paid by Lemon and Garth were adjudged against the appellant, the judgment is therefore erroneous.

But as Lemon had to pay for the use of the land for five years, Robertson ought, during the same time, to pay legal interest on the consideration, the use of which he had enjoyed. This will be less than the rents assessed against Lemon and Garth.

The judgment is even more essentially erroneous in holding the appellant responsible for eighty-five dollars, instead of sixty-five dollars an acre, for the land lost.

Had the amount for which Lemon sold to Garth been the true criterion for measuring the appellant's liability, even then the record would not, in this respect, sustain the judgment, because, although it appears that the price was eighty-five dollars an acre for the entire tract of 359 acres, with all its improvements, yet there is neither proof nor presumption that this was the estimated or relative value of the lost fifty-four acres.

But the radical error is the constructive effect given by the circuit court to the covenant of indemnity. Whether interpreted according to its letter or its presumed object, it imports neither more nor less than a reassurance of the warranty in the appellant's deed to Thomas. Indemnity against all costs and damages resulting from a possible eviction is fully accomplished by payment of all legal costs and damages arising from a failure of the guaranteed title. And the legal costs are those fixed by law, and, of course, correlatively, the legal damages are those, and only those, prescribed by law for a failure of a warranteed title. Such seems to us the plain, literal import of the covenant of indemnity in this case; and the circumstances and presumed objects conduce to show that such was the intention of the parties. The record indicates no reason why Lemon had any consistent right or motive for claiming more. He paid nothing to the appellant but what he had bound himself to pay to Thomas' executors and what Thomas had promised to pay appellant. The deed by those executors expressly excepted from general warranty seventy acres, for which Thomas held the appellant's general warranty. Whether that exception broke the continuous line of privity from the appellant to Lemon, so as to deprive Lemon of a legal right to the appellant's warranty to Thomas, may have been, and probably was, doubted.

Robertson vs. Lemon and wife.

Lemon may have been, moreover, unwilling to trust the appellant's solvency, even if sure of his rightful recourse on him. To remove all doubt, and to obtain security, was, therefore, the only presumable object of Lemon in requiring the appellant's express covenant of warranty directly to himself, and personal and real security through Lail, as the appellant's surety. And that contract, understood as only a covenant of general warranty, certainly placed Lemon in a better and safer condition than he would have stood in without it. We can perceive no reason for presuming, from the face of the covenant of indemnity, that the parties to it contemplated any thing more than a satisfactory reassurance of the appellant's warranty to Thomas. And this is our judicial conclusion.

That the legal effect of such a warranty as that in this case is the liability of the warrantor for a restitution *pro tanto* of the consideration, is indisputably established by preponderating authority and by this court. And the doctrine thus authoritatively recognized is the only one which harmonizes with either analogy or principle. It is the doctrine on warranties of title to chattels, in respect to which there is no conflict of authority. And why should it not be equally the doctrine on warranties of real estate? The only consistent principle of the doctrine, in any class of cases, is a failure of consideration, and in all classes equally when there is no special contract. So far as the title fails, the purchaser loses what he paid for; and, if he had not paid the price, or any portion of it, he is entitled to exoneration from payment, and not to damages for a loss of speculative profit.

Market values oscillate. But the rule of compensation on breaches of warranty, as in all cases of contract,

must be stable and uniform.  While market prices fluc-
tuate conventional prices never can.  If, in this case,
instead of a rise, there had been a fall to the extent of
fifty *per cent.* in the vendible value of the lost land,
could any jurist doubt that the appellant would have
no pretense of title to exoneration for one half of the
price he recived for the lost land?  Why should he re-
tain that for which he gave nothing.  But if he be
liable for the rise, he should be entitled to the recipro-
cal benefit of the fall.  He must restore what, and only
what, he got for nothing.

Restitution to the extent of a failure of consideration
is the fixed and only stable or consistent rule; and it is
as rational and just as it is authoritative.

Sixty-five dollars an acre being the consideration re-
ceived by the appellant for the lost land, he is legally
liable for the restitution to the extent of the loss of
land, and is not liable to the payment of its value at
the time of eviction.

Wherefore, the judgment is reversed, and the cause
remanded for further inquiry as to the fee, if either
party desire it, and for final judgment conformably with
the principles of this opinion.