HARRISON LITERAL *v.* BENJAMIN MARTIN.

**Vendor and Purchaser—Failure of Consideration—Recovery of Purchase Price.**

Where there has been a total failure of consideration as to the purchaser of land who has paid the purchase price, he is entitled to recover the purchase price with interest and all legal costs incurred by him, in resisting eviction or right of recovery by adverse claimants.

**Vendor and Purchaser—Breach of Covenant—Damages.**

A purchaser suing for breach of covenant is not entitled to recover speculative damages, but can recover only the purchase price paid by him together with interest, and money paid by him in resisting eviction or right of recovery by adverse claimants.

**Pleading—Lost Answers.**

If answers have been lost, defendants should be allowed to file another substitute answer.

APPEAL FROM ———— COURT.

January 30, 1873.

OPINION BY JUDGE PRYOR:

The right of recovery on the part of appellee, Martin, upon the facts alleged, if true, has been heretofore settled in an opinion rendered by this court, and the extent of that recovery is alone to be ascertained.

The instructions given at the instance of appellee's counsel upon this branch of the case is erroneous. The criterion of damages is not the value of the land at the date of the eviction, or at the date of the alleged breach of the covenant. When there has been a total failure of consideration, as in this case, the purchaser, having paid the money, is entitled to recover it back with interest, and all legal costs incurred by him in resisting the eviction or right of recovery by the adverse claimant. This being adjudged, the party complaining of the breach can assert no claim for speculative damages. When what has been paid by him has been returned, he loses nothing. This is the established rule in regard to the breach of all warranties of title, whether applied to chattels or real estate, unless there is some special contract by which the liability of the party covenanting is enlarged or diminished. The value of confederate money in the locality where it was paid at the date of the covenant (the money then having been paid) with the interest, with any legal costs, including a reasonable attorney's fee incurred in the defense of the action by which the appellee was evicted, is the criterion of recovery. *Robertson v. Lemon,* 2 Bush 301. What this confederate money was worth at the time of its payment in the currency of the country known as legal tender paper is the mode for ascertaining the value.

The instructions given by the court below being in conflict with this view of the case, the judgment is reversed and the cause remanded with directions to award to the appellant a new trial and for further proceedings consistent with this opinion.

No personal judgment should have been rendered against the garnishee Literal for one reason, if no other, that there is an absence of proof in the record showing that he was indebted to the parties. The judgment is also reversed as to Literal and upon the return of the cause the appellee may take proof as to his indebtedness. There is no denial by appellants to be found in the record of the ground upon which the attachment was obtained. It is certified by the clerk that some of the answers have been lost; if so, they should be allowed to file other answers.

*J. E. Clarke, Thomas F. Hargis, for appellants.*

*Cord, for appellee.*