## Mann v. Campbell.

(Decided March 23, 1923.)

### Appeal from Fayette Circuit Court.

1. Vendor and Purchaser—Agreement to Open Street Through Property Held an Encumbrance Thereon.—Where vendor and another, who formerly owned a tract adjoining the tract in suit, had conveyed such adjoining tract by deed in which they agreed, binding their heirs and assigns. that, when ready to plat and market the remainder of their tract, they would open a certain street without expense to the grantee in the deed, and sell lots facing the street so opened, and the street ran up to the tract in suit, on either side, but had not been open through it, and if opened would take a strip 50 feet wide for 500 feet through the property, and the contract of sale included such strip along with the remainder of the tract, held that the agreement was an encumbrance on the tract in suit.

2. Vendor and Purchaser—Where Title Defective Purchaser Entitled to Return of Payments, With Interest, and Cancellation of Contract.—Where vendor was unable to comply with his contract to invest the purchaser with merchantable title, free from encumbrances, the purchaser was entitled to return of payments made by him, with interest, and cancellation of the contract.

CHAS. W. FRIEND, ROBT. R. FRIEND and FRANKLIN, TALBOTT & CHAPMAN for appellant.

S. S. YANTIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant Mann on February 13, 1920, sold and by written contract agreed to convey to W. M. Campbell a certain parcel of land containing about eight (8) acres,

located near the Odd Fellows' Widows' and Orphans' Home, in the city of Lexington, at the price of $25,000.00; $1,000.00 of which was in hand paid and $4,000.00 to be paid February 16, 1920, and the balance on or before March 10, 1920. The contract of sale contained the following agreement:

"In the event party of the second part should fail to pay the full sum of twenty-five thousand ($25,000.00) dollars at the time and in the manner above set out, then all payments made, including the one thousand ($1,000.00) dollars, cash payment above set out, and including the four thousand ($4,000.00) dollars, cash payment above set out, shall be forfeited by party of the second part to party of the first part as liquidated damages for the non-fulfillment of this contract in the event same is unfulfilled.

"Upon the payment of the full purchase price of twenty-five thousand ($25,000.00) dollars aforesaid, party of the first part contracts, agrees and binds himself to convey said property to party of the second part by a good sufficient deed of general warranty, conveying said land free of any liens or encumbrances of any kind or nature whatsoever."

Owing to some deficiencies and irregularities in the title of the vendor, the contract was extended from time to time so that Mann might have opportunity to perfect such irregularities, if he could, as had been discovered in the chain of title. After the completion of the examination of the title and the vendee's counsel had advised him that the title was imperfect and not such title as the vendor Mann had agreed to convey, appellee Campbell demanded of Mann the return of the $5,000.00 which had been paid in pursuance to the contract above copied, whereupon appellant Mann tendered a properly executed deed of general warranty to appellee Campbell and demanded the balance of the purchase price. Failing to obtain a return of his money appellee Campbell instituted this action in the Fayette circuit court to recover of appellant Mann the $5,000.00 paid as aforesaid. In the petition he set out all the facts, including the contract of sale, description of the property and the payment of the $1,000.00 and the payment of the $4,000.00 in pursuance to the contract; set out in detail the several alleged deficiencies and irregularities in the chain of title of appellant Mann. Some of these irregularities and alleged defects were cured by the obtention of new conveyances

from the former grantors to Mann. Some of the defects are unimportant. One, however, appears to be substantial. Concerning this defect in the title appellee in his petition for a recovery of the money alleges:

"That on April 14, 1908, M. H. Beard and Fletcher Mann, the defendant herein, were the owners of a certain tract of land adjoining the tract herein contracted to be sold, and upon said date the said defendant Mann and M. H. Beard and their respective wives, signed, executed and delivered a deed to the Widows' & Orphans' Home of the Odd Fellows of Kentucky, which deed is recorded in Deed Book 153 at page 286, of the Fayette county court clerk's office, a certified copy of which deed is filed herewith and made a part hereof and marked exhibit No. 2, in which deed a contiguous and adjoining piece of land was sold and conveyed by said Beard and Mann to the Widows' & Orphans' Home of the Odd Fellows of Kentucky, and the said Beard and the defendant, Fletcher Mann, inserted in said deed and provided and bound themselves, their heirs and assigns that they, the grantors in said deed, would bind their heirs and assigns, when ready to plot and market the remainder of their tract of land, to open Fifth street without expense to the second party, to-wit, the Widows' & Orphans' Home of Kentucky, and sell lots facing the street so opened; that by the terms of said provision in said deed the defendant Fletcher Mann, together with said M. H. Beard, agreed and covenanted for themselves, their heirs and assigns, that whenever the land described in said agreement which is filed herewith should be plotted and subdivided, that they, their heirs and assigns would donate to the use of the general public for the purpose of travel, a part of the land herein contracted for, to-wit, a strip on the north side of said land in width 49 feet and in length 549 feet; that said convenant of the said defendant Mann and M. H. Beard is a covenant running with the land and is binding upon the purchaser of the above described tract."

This averment, in so far as it relates to the encumbrances set out in the conveyance made by appellant Mann and Beard to the Odd Fellows' Home, is admitted in the answer of appellant Mann. The deed from Mann, &c., to the Odd Fellows' Home contains this provision: "First party agrees and binds their heirs and assigns, when ready to plat and market the remainder of their tract of land, to open Fifth street without expenses to the second party and sell lots facing the street so

opened." This is admitted by the answer. According to the plat filed with the answer Fifth street runs up to the property on either side. It has never been opened through the property. If opened it would run along the line of the property next to the land owned by the Odd Fellows' Home, a distance of more than 500 feet, and would take a strip practically 50 feet wide for that distance. The contract of sale included this strip of land along with the remainder of the tract. In fact, it was not shown on the plot nor is there anything to indicate that the said proposed street was separated from the balance of the tract, or encumbered in any way different from the balance of the plot. According to the agreement with the Odd Fellows' Home appellant Mann and his heirs and assigns are obligated to open Fifth street through the property, if opened at all, without expense to the said home, and further to lay off lots along said Fifth street when so opened so that the said lots will face on Fifth street. Plainly this is an encumbrance upon that part of the property which appellant Mann undertook by his contract to convey in fee, free of all encumbrances to appellee Campbell. With the title in such condition Campbell was not, according to the contract, obligated to accept the land at the price set forth in the contract or at all. He had fully complied with his contract up to the time of the tender of the deed by paying to appellant Mann $1,000.00 at the time of the making of the contract and $4,000.00 at a later date specified in the contract. When it became manifest from the examination of the title that appellant Mann was and would be unable to comply with his contract of sale and to invest his vendee Campbell with a merchantable title to all of said property, free from encumbrances "of any kind or nature whatsoever," appellee Campbell was entitled to a return of his money with interest and a cancellation of the contract.

The chancellor did not err in holding the answer as amended insufficient. On the declination of appellant Mann to further plead the court properly adjudged appellee Campbell entitled to a recovery of the money paid by him to Mann, under the contract, with interest.

Judgment affirmed.