OLLIE K. SMUTZ, Respondent, v. A. R. SCOTT and KATHERINE SCOTT, Husband and Wife, and LILLIE KOCH, Respondents, and OLOF NELSON and ETTA NELSON, Husband and Wife, Appellants.

[258 Pac. 525.]

MORTGAGES — TAX SALE — PURCHASER AS AGENT AND TRUSTEE FOR MORTGAGOR — APPEAL AND ERROR—CONFLICTING EVIDENCE—FINDING UNDISTURBED—FORECLOSURE SALE—QUESTION OF MORTGAGOR'S HOLDING TAX TITLE NOT INVOLVED.

1. In action to foreclose a mortgage, evidence *held* sufficient to support finding that purchaser at tax sale purchased mortgaged property as agent and trustee for mortgagor.

2. Supreme court will not disturb the finding of trial court based on conflicting evidence.

3. Where appeal from judgment foreclosing a mortgage was taken only by purchasers of mortgaged property at foreclosure sale in their own right, and not as agent or trustee for mortgagor, question whether mortgagor would be precluded from holding tax title adversely to mortgagee will not be considered, since question can be of no concern to such purchasers at tax sale.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Publisher's Note.

2. See 2 R. C. L. 204.

See Appeal and Error, 4 C. J., sec. 2590, p. 691, n. 85; sec. 2855, p. 883, n. 33.

Mortgages, 27 Cyc., p. 1621, n. 70 New.

Action to foreclose a mortgage. Judgment for plaintiff. *Affirmed.*

Porter & Witham, for Appellants.

· To establish that one person is acting as trustee for another, in purchasing a tax title, in fraud of a third party, the evidence must be substantial, clear and convincing, and not founded on mere suspicion or conjecture. (Note to *Lepley v. Anderson*, 142 Wis. 668, 125 N. W. 433, 33 L. R. A. N. S., 836; *Nelson v. Hudgel,* 23 Ida. 327, 130 Pac. 85; *Price v. Salisbury*, 41 Okl. 416, 138 Pac. 1024, L. R. A. 1917D, 520; *Nelson v. Krigbaum,* 38 Ida. 716, 226 Pac. 169; *Fehr v. Haworth,* 33 Ida. 96, 190 Pac. 248; *Crumpacker v. Bank of Washington Co.,* 38 Ida. 534, 223 Pac. 229.)

A finding of fact not supported by the necessary competent evidence will be reversed. (*Rivers v. Rivers,* 33 Ida. 349, 194 Pac. 94; *Wolter v. Dixon,* 29 Ida. 26, 157 Pac. 250; *Van Meter v. Zumwalt,* 35 Ida. 235, 206 Pac. 507.)

A vendee under a contract of sale may acquire a title paramount to a mortgagee by a purchase at a sale by the county of property acquired by tax deed. (26 R. C. L. 414, 416; *Price v. Salisbury, supra; Laton v. Balcom,* 64 N. H. 92, 10 Am. St. 38, 6 Atl. 37; *United States v. Elliott,* 164 U. S. 373, 17 Sup. Ct. 140, 41 L. ed. 474; *Moss v. Shear,* 25 Cal. 38, 85 Am. Dec. 94.)

E. L. Ashton, Stephan & North and Ray Agee, for Respondent Smutz.

An assignment of error, which does not specifically point out wherein the evidence is insufficient to support a finding of the court, is insufficient to raise the question of the insufficiency of the evidence to sustain such finding, and will not be considered by this court on appeal. (*Smith v. Harrington,* 41 Ida. 155, 43 A. L. R. 1240, 238 Pac. 530; *Intermountain Farmers Equity v. Norris,* 39 Ida. 685, 229 Pac. 745; *Hardy v. Butler,* 39 Ida. 99, 226 Pac. 669; *Weber v. Pend d'Oreille Min. etc. Co.,* 35 Ida. 1, 203 Pac. 891; *Black-*

*foot City Bank v. Clements,* 39 Ida. 194, 226 Pac. 1079;
C. S., sec. 6886; Supreme Court Rule No. 40, p. 27; *Parker
v. Reay,* 76 Cal. 103, 18 Pac. 124.)

Findings of a court on questions of fact generally have
the force and effect of a verdict of a jury, and where there
is any evidence in the record to support them, this court will
not set aside such findings. (*First Nat. Bank v. Cruik-
shank,* 38 Ida. 789, 225 Pac. 142; *Pence v. Shivers,* 40 Ida.
181, 232 Pac. 568; *Clinton v. Utah Construction Co.,* 40 Ida.
659, 237 Pac. 427; *Lus v. Pecararo,* 41 Ida. 425, 238 Pac.
1021.)

Where a purchaser enters into a contract for the purchase
of real property, upon which there is an outstanding mort-
gage, and the amount of the mortgage is deducted or re-
tained by the purchaser out of the agreed price, such pur-
chaser assumes the mortgage debt and is personally liable
to the mortgagee therefor, and such purchaser's relation to
the mortgagee and the mortgaged premises is just the same
as that of the original mortgagor. (41 C. J., p. 724, sec.
770; *Sanderson v. Turner,* 73 Okl. 105, 2 A. L. R. 347, 174
Pac. 763; *Hadley v. Clark,* 8 Ida. 497, 69 Pac. 319; *Moore
v. Boise Land & Orchard Co.,* 31 Ida. 390, 173 Pac. 117;
*Rockwell v. Blair Sav. Bank,* 21 Neb. 128, 47 N. W. 641;
*Brown v. Avery,* 119 Mich. 384, 78 N. W. 331; 41 C. J. 744,
par. 807.)

A mortgagor or his grantee cannot, by acquiring a tax
title upon the land, defeat the lien of the mortgagee. If the
grantee of the mortgagor acquires a tax title to the premises,
his purchase thereunder constitutes nothing more nor less
than a redemption of the premises from the tax sale and any
title so acquired by him inures to the benefit of the mort-
gagee, and it does not change the rule if the purchase is
made in the name of another. (Jones on Mortgages, 7th
ed., par. 680; C. S., secs. 3254, 6361; *Bashore v. Adolf,* 41
Ida. 84, 41 A. L. R. 932, 238 Pac. 534; 41 C. J. 758, par.
834; *National Surety Co. v. Walker,* 148 Iowa, 157, 125
N. W. 338, 38 L. R. A., N. S., 333; *Simon v. Rood,* 129 Mich.
345, 88 N. W. 879; *Curran v. Banks,* 123 Mich. 594, 82

N. W. 247; *Blackwell v. Kinney,* 119 Ark. 578, 180 S. W. 757.)

Stephan & North, for Respondents A. R. Scott and Katherine Scott.

BRINCK, Commissioner. — Plaintiff, Ollie K. Smutz, brought this action to foreclose a mortgage. The defendants were A. R. Scott and Katherine Scott, his wife, the mortgagors, Lillie Koch, purchaser from the Scotts under an executory contract of sale, Olof Nelson, the holder of a tax title, and Etta Nelson, wife of Olof Nelson. The Scotts made no appearance. Mrs. Koch and the Nelsons joined in a demurrer to the complaint, which was overruled, and, so far as the record shows, the Nelsons alone answered the complaint. In their answer, the Nelsons affirmatively alleged that on February 12, 1923, they purchased the property mortgaged from Twin Falls county; said county having theretofore received a tax deed to the same, and that ever since said date they have been the owners of said property. Upon these affirmative allegations and by way of cross-complaint they prayed that their title be quieted as against plaintiff's mortgage. Plaintiff answered the cross-complaint, setting out as an exhibit the contract whereby Mrs. Koch purchased the property from the Scotts in 1919, being several years subsequent to the date of plaintiff's mortgage, and alleged that Mrs. Koch, after purchasing the property, permitted the taxes thereon to become delinquent for more than three years and permitted Twin Falls county to take title on January 6, 1923, and that the county sold the property on February 12, 1923; that said Olof Nelson, as the agent and trustee for Mrs. Koch, purchased the premises at said sale and received the deed therefor, as alleged in his cross-complaint, and that whatever right, title or interest Nelson had in the property, he has as trustee for the benefit of Mrs. Koch and not otherwise; and further alleged the invalidity of the tax deed for lack of proper proceedings leading up to it.

The court found that Olof Nelson, as agent and trustee for Mrs. Koch, and not otherwise, purchased the premises from Twin Falls county; and upon the theory that Mrs. Koch, as vendee of the mortgagor, could not hold a tax title adversely to the mortgage, entered a decree foreclosing the mortgage. This appeal is taken by the Nelsons only, Mrs. Koch not appealing.

[1] The first assignment of error argued attacks the finding that Nelson purchased as agent and trustee for Mrs. Koch, upon the ground that the evidence is insufficient to sustain it. There was evidence tending to show that Nelson was next door neighbor to Mrs. Koch; that Mrs. Koch was having some dispute with the Scotts as to her obligations under the contract and that for the purpose, it would seem, of putting herself in a position of advantage to deal with the Scotts, it was agreed between her and Nelson that he should purchase the property from the county and hold it for her benefit but in his name; that Nelson and Mrs. Koch attended the sale together where Nelson bid in the property and that he stated at that time that he was bidding for Mrs. Koch; and that after the property had been struck off to Mrs. Koch, the parties went into the office of the auditor and had Nelson's name put in the record instead of Mrs. Koch's name. [2] Much of this evidence is contradicted but this court will not disturb the finding of the trial court based upon conflicting evidence. The fact that Mrs. Koch and the Nelsons joined in the demurrer filed is perhaps a significant fact in this connection. This assignment of error is without merit.

[3] Much of the briefs and argument is devoted to the question of whether, even if Nelson was acting as agent and trustee for Mrs. Koch, she would be precluded from holding the tax title adversely to the mortgagee, and whether the tax sale was itself valid with respect to the notice given the Scotts that a deed would issue; but these questions can be of no concern to the Nelsons, who are the only appellants here. If Nelson was not Mrs. Koch's agent, the question of whether she could, or did, acquire a tax title adversely to

the mortgagee is not involved; and if he was her agent, Mrs. Koch, being a party to the case, should have set up her claim and appealed in order to raise here the question as to whether she could or did hold such adverse title. The Nelsons claimed in their own right and not as agents or trustees for Mrs. Koch, and it having been properly found that Nelson was agent for Mrs. Koch, the Nelsons cannot, on their own appeal, claim rights for Mrs. Koch, which she is not asserting and they are denying. It is, therefore, not necessary to discuss the other assignments of error.

We recommend that the judgment be affirmed, with costs to respondent Smutz.

Varian and McNaughton, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court and the judgment is affirmed. Costs to respondent Smutz.