(No. 5114.   June 26, 1929.)

P. A. SORENSEN, Appellant, v. W. S. LARUE and LIN-
NIE LARUE, His Wife (WAYNE S. LARUE,
Executor, Substituted for W. S. LARUE, Deceased),
Respondents.

[278 Pac. 1016.]

J. B. Eldridge and Wm. M. Morgan, for Appellant.

Hawley & Hawley, for Respondents.

VARIAN, J.—Sorensen commenced this action September 9, 1922, to recover possession of certain farm lands sold to Larue under an instalment contract, alleging failure to make all the payments required by the terms of said contract. Larue and wife answered, setting up by way of cross-complaint failure of title to the lands in controversy; rescission of the contract by the Larues; that Sorensen was a nonresident and had no other property in Idaho; and praying for a return of the instalments, with interest, of the purchase price already paid, and to be permitted to remain in possession of the property until such sums should be paid, etc. Sorensen obtained judgment as prayed for, which was, on appeal to this court reversed December 1, 1926 (*Sorensen v. Larue*, 43 Ida. 292, 252 Pac. 494) and the cause remanded for a new trial. A new trial was had, commencing May 27, 1927, without a jury. Prior to the second trial, Sorensen filed what is denominated "supplemental answer to cross-complaint," wherein he alleges that the Larues declared a rescission of the contract on July 1, 1922, and retained possession, and still retain possession, of the premises; that they have committed waste; and that Sorensen is entitled to certain offsets and payments, and demands an accounting, etc. On the second trial, the court found for the Larues, granting rescission and return of the purchase-money instalments theretofore paid, with interest thereon, and moneys expended in permanent improvements on the property, less the reasonable rental value of the premises, and interest, for the time they were occupied by the Larues, a certain sum for waste, etc., leaving a net balance of $31,854.51 and costs.

Sorensen now appeals from that decree. By stipulation, all of the testimony taken at the former trial is in the

record of the second trial. Since the entry of judgment in the last trial, Larue has deceased, and his executor, Wayne S. Larue, has been substituted in his place as a party respondent.

Appellant argues his first, fifth, sixth and eighth assignments of error together, which are to the effect that respondents, by remaining in possession after notice of rescission on July 1, 1922, and by their acts since the former trial, have waived their right to rescind.

The contention that the holding of the former opinion, in discussing the sufficiency of Larue's cross-complaint, that it was not necessary to "offer back or surrender the premises," or surrender possession, was based solely upon the conclusion that Sorensen was a nonresident of Idaho, owning no property in the state other than his interest in the property in controversy, is untenable. This court said:

"The appellants, by their pleadings, declared a rescission, and offered to return the property under such conditions as the court might impose. The respondent was a nonresident of Idaho, with no property in the state other than his interest in this property. The court was amply able to protect the interests of the parties, and impose such terms for the return of the property as would be just and proper, and the complaint asking for rescission with such tender of return was sufficient under the circumstances, and upon such offer to return the property, appellants were not precluded from rescission for a failure to actually return the property." (*Sorenson v. Larve, supra*, 43 Ida., pp. 304, 305, 252 Pac. 498.)

The mere fact that Sorensen testified at the second trial that he had other property of great value in the state of Idaho does not affect the force of the former opinion, holding that under the pleadings and proof the Larues had not waived their right to rescind. The evidence taken at the former trial is before us, and was discussed in the previous opinion. So far as the sufficiency of respondents' cross-complaint is concerned, the interpretation laid down on the former appeal is the law of the case, and unless

testimony taken at the second trial is sufficient to warrant a contrary finding, the former opinion is conclusive as to the fact of rescission and the remedy to be applied. (See *Brinton v. Johnson,* 41 Ida. 583, 240 Pac. 859; *Mathers v. Mathers,* 42 Ida. 821, 248 Pac. 468; *McCornick & Co. v. Tolmie Bros.,* 46 Ida. 544, 269 Pac. 96.)

The testimony on this appeal does not warrant any change in the conclusions reached at the first trial. This court held that the Larues might remain in possession of the property to preserve their lien for repayment of the instalments paid on the purchase price, etc. Since the judgment on this first trial, the Larues have been in possession of the premises, but at all times have appeared ready to surrender it to Sorensen upon being secured or reimbursed for their payments and expenditures. The Larues appealed from the first judgment decreeing the right of possession to Sorensen, but filed no *supersedeas* bond. Sorensen never availed himself of the right to take possession pending the appeal, and naturally the Larues would farm the property. In view of all the facts in evidence in this case, this action on the part of the Larues was not a waiver of their right to rescind. Their possession was necessary to protect their said lien, and for the care and preservation of the property itself. (25 Cal. Jur., p. 726; *Taft v. Kessel,* 16 Wis. 291.) The payment by Larue of the water assessments was not a waiver of his right to rescind (*Delta Land & Water Co. v. Perry,* 57 Cal. App. 314, 207 Pac. 393), nor was the making of minor improvements, such as completing the levelling begun before notice of rescission, and the erection of irrigation borders, etc. The findings in the instant case are sustained by the evidence, and accord with the conclusions of this court on the former appeal.

Appellant contends that the court erred in finding Larue's occupancy of the property during the year 1927 was solely for the purpose of retaining possession in order to protect their rights, and in not allowing Sorensen any credit as rental for Larue's occupancy of the premises for the year 1927; also, that the court erred in holding the value

of the care and maintenance of the property during said year is greater than the value of the use and occupancy thereof during the same period. The findings complained of are fully sustained by the evidence. As early as February, 1927, respondents notified Sorensen, by his attorney of record in the instant case, to the effect that they had no desire to continue in possession of the property except for the purpose of protecting their claim against the property; that they did not intend to farm the land during 1927; and offering to consent to a lease, or deliver actual possession, in the event payment of their claim was secured by Sorensen. In two subsequent letters, each dated in April of said year, similar offers were made. The trial was had commencing May 27, 1927, too early to permit the Larues to plant and mature a crop. Therefore, the rental value of the farm was limited to its use for pasture which was utilized by the Larues, and which the court properly found was offset by the value of the care and maintenance furnished by them during the year 1927 to date of trial.

■ The court allowed the Larues interest at the rate of seven per cent per annum from date of payment upon all sums paid by them for taxes, Federal Land Bank mortgage amortization instalments, water assessments, principal of purchase-money instalments, and interest paid on the deferred purchase-money instalments. This is assigned as error. When rescission is granted the vendee, he is entitled not only to a return of so much of the purchase money as he has paid, but to interest thereon from time of payment. (3 Black on Rescission and Cancellation, 2d ed., sec. 632, p. 1532; 39 Cyc., p. 2074; *Yule v. Miller,* 80 Cal. App. 609, 252 Pac. 733; *Kane v. Ott,* 73 Cal. App. 124, 238 Pac. 126; *Mann v. Campbell,* 198 Ky. 812, 250 S. W. 110; *Harris County Inv. Co. v. Davis* (Tex. Civ. App.), 230 S. W. 761; *McDonald v. Whaley* (Tex. Civ. App.), 228 S. W. 313; *Marsh v. Lorimer,* 164 La. 175, 113 So. 808.) As a general rule, in an action or suit for the purchase money paid, the purchaser may recover the purchase price paid, with interest on such amount at the legal rate. (39 Cyc., p. 2070.) He may also recover the amount of his necessary

outlays, taxes, etc., incurred under the contract, with interest. (39 Cyc., p. 2072; *Hawthorne v. Odenson*, 94 N. J. Eq. 588, 120 Atl. 797; *Gifford v. Wilcox*, 81 Ind. App. 378, 143 N. E. 368; *Brewer v. New Orleans Land Co.*, 154 La. 446, 97 So. 605. See, also, *Empey v. Northwestern & Pacific Hypotheekbank*, 129 Wash. 392, 225 Pac. 226.)

The record discloses that the rental value charged against respondents was based upon the payment of taxes and water assessments by the vendor. It was therefore proper that they should receive credit for taxes and water assessments, with interest thereon from date of payment.

The failure of the trial judge to find what improvements were made by respondents after the date of rescission, July 1, 1922, is likewise assigned as error. The evidence shows that respondents completed certain levelling after (which had been commenced before) said date. Respondents were unable to show what portion of the improvements was made prior to July 1, 1922, and what portion after that date. A careful reading of the record discloses that no allowance was made for any of these improvements started before but not completed until after July 1, 1922. It was not necessary to find the value of the improvements made subsequent to July 1, 1922, because not sufficiently important under the circumstances peculiar to this case, not showing a waiver of the right to rescind, and respondents not being entitled to any credit for the value thereof. The finding that respondents made permanent improvements of the value of $500 prior to the date of rescission, is amply sustained by the evidence.

Error is assigned in that the court found that respondents had committed waste only in the sum of $1,297.19. The testimony on this phase of the case was conflicting, and there is substantial evidence to support the finding; therefore, the finding cannot be disturbed. (*Hayes v. Independent School Dist.*, 45 Ida. 464, 262 Pac. 862; *Rose v. Webb*, 45 Ida. 577, 264 Pac. 868; *Smutz v. Scott*, 44 Ida. 534, 258 Pac. 525.)

Under the law of the case as promulgated by the former opinion, it was not necessary to find whether Sorensen owned

any property in the state of Idaho other than his interest in the ranch in controversy, that being immaterial.

We find no reversible error in the record, and the judgment is therefore affirmed. Costs to respondents.

Budge, C. J., and Baker, D. J., concur.

WM. E. LEE, J., Concurring Specially.—Except that Sorensen should have been given credit for the occupancy of the premises by Larue in 1927, I concur.