## Coffey et al. v. Clark et al.

(Decided December 1, 1931.)

A. W. BAKER for appellants.

D. M. ALLEN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On June 16, 1925, the children and other heirs of H. J. Clark, through their attorney, A. W. Baker, brought suit for the sale of certain land and a division of the proceeds. In addition to setting out the relationship of the parties to H. J. Clark, the petition alleged that H. J. Clark died intestate, domiciled in Jackson county, and at the time of his death he owned in fee a tract of land "which will be hereinafter set out and described." The petition then describes the land as follows:

"Said land is situated, lying and being in Jackson county, Kentucky, on the waters of Little Sexton Creek on the Leger Fork of same, and is bounded and described as follows to wit: 'On the west and some little on the south by the lands of H. Ed. Metcalf; on the south and some little on the east by the land of Manuel King, the Allen Neeley farm and Arch Neeley; and on the East by the land of John F. King, deceased, and R. M. Bradshaw, and by the land of John M. Fergison on the East; and on the north by the land of N. M. Clark, deceased."

On March 21, 1927, judgment was rendered ordering a sale of the land by the same description and fixing the interests of the various parties to the action. At the sale, which took place on March 21, 1927, A. W. Baker, who brought the suit, became the purchaser at the price of $610. The sale was reported and confirmed at the August, 1927, term of the court, and on January 10, 1928, the commissioner for and on behalf of the parties to the action, executed and delivered to A. W. Baker a deed to the land. Among the parties to that action were H. J. Clark, A. L. Clark, Julia Hunter, and Sarah J. Holcomb, who were the children of Joseph Clark, a son of H. J. Clark.

After receiving the commissioner's deed to the land which he purchased, A. W. Baker, who was unable to find any title in H. J. Clark to the portion of the land purchased, obtained a patent covering a large body of land. Later on he conveyed to Leonard Coffey and Everett Clark portions of the land which were covered by his patent and which he claimed to have purchased.

Shortly thereafter H. J. Clark, A. L. Clark, Julia Hunter, and Sarah Holcomb, the only heirs of Joseph Clark, deceased, brought separate actions against Everett Clark and Leonard Coffey to recover the lands conveyed to them by Baker, together with damages for their detention. Prior to that time, and while the original suit for the division and sale of the land belonging to H. J. Clark was pending, they filed a suit through A. W. Baker as attorney against Cas King to recover a 50-acre tract of land. Baker also brought suit against Cas King to recover certain land, and thereupon retired as counsel in the case which he brought on behalf of H. J. Clark and others against King.

In the actions brought by H. J. Clark and others against them, Coffey and Clark, in addition to denying the title of plaintiffs, interposed a plea of res judicata based on the claim that plaintiffs were parties to the original action in which the lands of H. J. Clark were sold, and that the lands which they were seeking to recover were covered by the judgment in that action. After hearing the evidence of surveyors and others, and the four actions had been consolidated, the chancellor held that Joseph Clark, the father of H. J. Clark and the other plaintiffs, was at the time of his death the owner of the Barton-Potter 75-acre patent and the Phillip Marcum 50-acre patent, and that the plaintiffs on the death of their father became the owners thereof, with the exception of a small portion of the Barton-Potter tract, which belonged to Cas King, that the two patents were properly located by J. M. Culton, the surveyor, and that the junior patent obtained by Baker, in so far as it lapped on the two patents, was void, and that plaintiffs were not estopped to claim the land by the judgment pleaded in bar. From that judgment this appeal is prosecuted.

It is not seriously contended that the lands in controversy did not belong to Joseph Clark at the time of his death, or that the different patents were not properly located. The chief insistence of appellants is that the court erred in not sustaining the plea of res judicata,

Manifestly, if the lands now sought to be recovered were not included in the judgment of sale rendered in the original action, the plea of estoppel is not available. Long v. Louisville & N. R. Co., 51 S. W. 807, 21 Ky. Law Rep. 463. For the purpose of determining what land was sold in that action, resort must be had not only to the description contained in the judgment, but to the pleadings. It was never the purpose of that action to sell any land belonging to Joseph Clark at the time of his death. The sole purpose of that action was to sell a certain tract of land belonging to H. J. Clark at the time of his death, and divide the proceeds among his heirs. While H. J. Clark, A. L. Clark, Julia Hunter, and Sarah Holcomb, plaintiffs in the action before us, were parties to that action, they, as well as the numerous other parties, were parties only as the heirs of H. J. Clark. The description is not by metes and bounds, but by reference to adjoining landowners. It is vague, uncertain, and indefinite, and resort must be had to other means to tell exactly what land passed by the judgment. Fairly considered, the ownership of H. J. Clark was just as much a part of the description as the language employed in describing the land. In the circumstances, there is no escape from the conclusion that only the land belonging to H. J. Clark at the time of his death passed by the judgment, and that the purchaser did not acquire title to any land belonging to Joseph Clark at the time of his death. The case is all the stronger because the purchaser was the attorney who brought the suit, prepared the description, and knew that land belonging to H. J. Clark at the time of his death was to be sold, and none other, and both Leonard Coffey and Everett Clark, who acquired title from Baker purchased with knowledge of the claims of plaintiffs in these actions.

Judgment affirmed.