## Coffey v. Baker's Administratrix.

(Decided Feb. 8, 1935.)

J. R. LLEWELLYN for appellant.

L. C. LITTLE and D. H. BAKER for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This appeal challenges the propriety of a peremptory instruction given by the Jackson circuit court, directing the jury to find a verdict against the appel-

lant, and in favor of the defendant for $75, interest, and costs on the counterclaim.

The facts as disclosed by the record, forming the basis of this suit, are for the most part admitted and appear to be as follows:

In June, 1930, A. W. Baker (now deceased) executed to the appellant, Leonard Coffey, a deed, with general warranty of title, to a certain therein described 90-acre tract of land, situated in Jackson county, for the agreed price of $1,600, for which three notes were executed and delivered by vendee, Coffey, and upon which it is admitted payments to the extent of $640 were afterwards made to defendant.

Shortly thereafter, H. L. Clark and others, claiming a paramount title to the land in question, brought an action against Coffey, seeking to be adjudged the owners and entitled to the possession of the land. Coffey at once notified his grantor, A. W. Baker, of the pendency of this eviction suit, to which defense was unsuccessfully made by Baker in the circuit court. The court, by its judgment, which upon appeal was affirmed, Coffey v. Clark, 241 Ky. 336, 43 S. W. (2d) 1002, awarded the ownership and possession of the land in question to the Clark heirs as holders of the paramount title thereto.

Coffey, upon being thus evicted, brought this action in the Jackson circuit court against his grantor, A. W. Baker, seeking recovery of the $640 he had paid him upon the price of the land and $61.62 incurred as costs in defending the eviction suit. Baker filed answer and counterclaim, wherein he admitted the sale of the land together with its growing timber to Coffey, but alleged that at the time of deeding same the standing timber on the land was alone of the value of $3,000, and also that the plaintiff was later indebted to him for some $2,000 in January, 1932, after his eviction, when he executed him a note and mortgage for the sum of $75 as full settlement of the whole amount owing him and for cancellation of his unpaid land notes.

The defendant having died at this state of the litigation, the suit was later revived and continued in the name of the appellee, A. S. Baker, as administratrix of his estate. Thereupon, appellant filed reply, wherein he admitted the execution in January, 1932, of the $75

note pleaded in counterclaim, but alleged it was given defendant in satisfaction both of a debt he owed defendant for money paid by him for his use and benefit and to procure the surrender of his land notes, and prayed that the defendant be credited by the amount of the note, with interest, upon the defendant's obligation owing plaintiff for land payments made A. Baker, which he sued to recover.

Upon trial of the issues thus made, plaintiff testified in his own behalf as to the conveyance to him by A. W. Baker and wife of this land by general warranty of title; as to his payment thereon of $640 and the expense of $61.62 incurred as costs in the eviction suit; and also as to his later eviction from the land upon its being adjudged to the Clark heirs. He admitted his execution and delivery to A. W. Baker of the $75 mortgage note in January, 1932 (counterclaimed for in this action), but denied that it was given by way of payment of any debt owing defendant, or that he owed him anything, but in consideration of Baker's agreement to turn over to him his land notes (amounting to some $900) which he continued to hold against him.

Upon the conclusion of plaintiff's evidence, it was agreed and stipulated by the parties that the records of the Jackson circuit court would show the eviction of plaintiff from the land by reason of the judgment recovered by Clark and others against him and that the receipts, notes, etc., introduced in evidence, showing payment by plaintiff to Baker of the $640 claimed paid on the land notes, were in the deceased Baker's handwriting.

Upon plaintiff's thus concluding his introduction of evidence, defendant moved for a peremptory instruction, which was given over the objection of plaintiff and under which the jury returned a verdict for the defendant on his counterclaim for $75, with 6 per cent. interest from January 27, 1932, upon which judgment was accordingly entered with costs.

Plaintiff, contending that the court erred in giving the peremptory instruction against him, has upon such ground appealed and seeks a reversal of the judgment.

It is apparent that there is only one question here presented for our review and decision, and that is: Did

the trial court err in giving the complained of peremptory instruction?

In support of plaintiff's claim of right to recover the $640 sued for, as paid the defendant upon this land deeded him with warranty of title, the uncontradicted evidence adduced by plaintiff conclusively showed the salient and determining facts detailed supra.

It being thus admitted that the defendant had at the time, when giving the $75 note for defendant's return of his land notes, been evicted from the land upon which these payments (here sued for) had been made, it was clearly the legal duty of the defendant, the consideration for both these notes and payments having failed, to restore the payments received of plaintiff and to cancel and return the notes held by him for the remainder of the debt owing upon this land, as to which defendant had breached his warranty of title.

The rule is well settled that a covenant or warranty of title, while prospective in its nature, is broken by eviction under a paramount title existing at the time of the conveyance. Fitzhugh v. Croghan, 2 J. J. Marsh. 429, 19 Am. Dec. 139; Estabrook v. Smith, 6 Gray (Mass.) 572, 66 Am. Dec. 445; Kent v. Welch, 7 Johns. (N. Y.) 258, 5 Am. Dec. 266; Morgan v. Haley, 107 Va. 331, 58 S. E. 564, 13 L. R. A. (N. S.) 732, 122 Am. St. Rep. 846, 13 Ann. Cas. 204; Hoffman v. Dickson, 65 Wash. 556, 118 P. 737, 39 L. R. A. (N. S.) 67, Ann. Cas. 1913B, page 869; McKinny v. Watts, 10 Ky. (3 A. K. Marsh.) 268; Durbin v. Garrard, 21 Ky. (5 T. B. Mon.) 317; Hanson v. Buckner's Ex'r, 34 Ky. (4 Dana) 251, 29 Am. Dec. 401; Robertson v. Lemon, 65 Ky. (2 Bush) 301. Where the vendor is unable to comply with his contract or warranty to invest the purchaser with good and merchantable title, the vendee is entitled to the return of the payments made by him. Mann v. Campbell, 198 Ky. 812, 250 S. W. 110.

Applying these principles to the case before us, it would follow that if the plaintiff gave to defendant his $75 note and mortgage for the return to him of his lien notes to which he was entitled, when the defendant had no longer a right to retain or to collect them (because of its then being defendant's legal duty to return them without price or bargain therefor), the note, in such instance given in ignorance of plaintiff's right to have

returned and canceled his land notes, would be without binding effect for want of any valid consideration. However, plaintiff's testimony, claiming the note was given for the return of the notes, or without consideration, is at variance with his reply, in which he alleged that the note was given, not only for the return of the land notes, but also for a further valid consideration and in settlement of another valid debt, admitted owing defendant, for which he prayed that defendant be given credit by the amount of the $75 note and interest upon the amount sued for as owing plaintiff for land payments made him without consideration.

Viewing this well-settled and equitable rule announced in the cases supra as applicable and controlling of the issue, here presented, of plaintiff's right to the return of his payments made defendant without consideration, we are led to conclude that the trial court erred in holding that plaintiff, after so showing, had introduced no evidence in support of such right and in peremptorily instructing the jury, in so far as it directed it to find against plaintiff.

Therefore, for the trial court's error in awarding defendant a peremptory instruction, its judgment is reversed, and the case remanded for a new trial consistent with this opinion.