Lena **WALLACE** et al., Appellants,

v.

**ASHLAND OIL & TRANSPORTATION COMPANY, Inc., et al., Appellees.**

Court of Appeals of Kentucky.

June 21, 1957.

As Modified on Denial of Rehearing
Oct. 25, 1957.

Shumate & Shumate, John W. Walker, Irvine, Louis Cox Frankfort, for appellants.

McDonald & McDonald, Alvin B. Trigg, John Palumbo, Elwood Rosenbaum, Charles Landrum, Jr., Elmer Drake, Lexington, and E. B. Rose, Beattyville, for appellees.

SIMS, Judge.

This is an appeal from the judgment of the Fayette Circuit Court holding that the

successors in title of William Townsend are the owners of the oil and gas in 204 acres of land located in Powell County described in the judgment, and that the successors in title of J. B. White have no title or interest in the oil and gas therein. The successors in title of Townsend have conflicting claims in the oil and gas in this land, which claims were not adjudicated and were reserved for further hearings by the trial court.

This record is quite voluminous as to pleadings, exhibits and proof, and there were seven briefs filed on behalf of the claimants. It is patent we cannot discuss in detail the pleadings, the evidence and the many points raised in briefs but must content ourselves with only briefly giving our conclusions, otherwise this opinion would be extended beyond reasonable length.

In 1937, the Federal Government condemned the surface of certain lands, including the 204 acres in controversy here, for the purpose of a national forest, but did not acquire the oil and gas rights which remained in the former owners of the fee. The Ashland Oil & Transportation Company is holding about $18,000 representing oil it has purchased from this lease. It makes no claim to the money but is merely a stakeholder and brought this action against all claimants to the fund for the court's determination as to whom it should pay the proceeds of the oil it purchased.

█ The successors in title to White filed their pleadings and set up title to the oil and gas in this 204 acre tract, as did the successors in title to Townsend. E. H. Fuller, who claims under Townsend, in his answer to the cross-petition of Lena Wallace, a claimant under White, pleaded that a judgment entered in the Powell Circuit Court in 1918 in certain consolidated actions of White v. Townsend involved the title to this same 204 acres and it was there held that Townsend and not White had title thereto, and that the 1918 judgment was res judicata in the present action. It is practically admitted in briefs that the question now for determination is whether or not this 1918 judgment determined the controversy to the same land which contains the oil and gas rights presently in dispute between the privies to the parties to that action.

The 1918 judgment determined White was the owner of certain lands east of a line running N. 9 W., known as the old Samuel Young line, which was established in 1784 in a patent covering 30,000 acres issued to Young by the Commonwealth of Virginia, and that Townsend was the owner of certain lands to the west of that line. The pleadings and proof, as well as the judgment in the consolidated actions of White v. Townsend, are filed as exhibits in the present action. An examination of the pleadings, the proof and the judgment shows the controversy in 1918 was over the same 204 acres of land now in dispute. The answer of Townsend in that action relative to a description of his land avers:

"That the eastern boundary of same which is the boundary line between the plaintiff's land and the defendant's is a very old, well marked and defined line, known as the Samuel Young N 9 W. Line, and extends from a large pine on a branch known as Tight Hollow a water of the Graining Block Fork and runs thence North 9 West crossing White's Branch near its forks, and that said line is well established and well known, and has been so established and known for a period of one hundred years and that said line cuts off the tract described in plaintiff's petition about two hundred acres lying on the Western side of same, to which portion so cut off the plaintiff has no title whatever nor has he ever had any peaceable possession of same, nor did those under whom he claims ever have any title or any possession to said boundary on the Western side of said Samuel Young line, or did they ever at any time pretend or claim to own same."

This pleading designates the Samuel Young line with particularity and describes how and where it runs on the ground.

The pertinent part of the judgment in the consolidated actions, from which no appeal was prosecuted, reads:

"These causes having been consolidated and submitted and the Court being advised considers that the plaintiff, J. B. White, has no title to the land claimed by the defendants lying West of the Samuel Young N 9 W line, on the waters of White's Branch in Powell County, Kentucky.

"And it is further considered by the Court that the defendants, Townsend and others, have not trespassed on the plaintiff's lands nor set up any claim to any of plaintiff's land on the East of said Samuel Young N 9 W line.

"It is therefore adjudged by the Court that plaintiff's petition be dismissed, and the injunction heretofore granted by the Court as against the defendants, Townsend and Fuller and their tenants, is dissolved as to the land lying west of the Samuel Young line claimed by defendants, Townsend and Fuller."

J. B. White testified in the consolidated actions and filed as a part of his testimony a map he drew. This map shows the Samuel Young line as running from "Z" N 9 W to the "G and E. Cor." He testified that this line shown on the map he drew was what Townsend claimed as the dividing line between the White and the Townsend lands. The Powell Circuit Court adjudged this to be the Samuel Young line and that White had no title to the land claimed by Townsend to the west of this line.

■ From the testimony introduced in the instant action, the master commissioner of the Fayette Circuit Court, Hon. Nolan Carter, filed a full and complete report in which he reviewed the pleadings, evidence and exhibits in the consolidated actions. It was correct for him to do this because in determining whether a judgment is res judicata relating to the title to land, resort may be had to the pleadings and proof upon which the former judgment was based. Coffey v. Clark, 241 Ky. 336, 43 S.W.2d 1002. The commissioner found that the line the Powell Circuit Court established as the division line between White and Townsend was not the actual Samuel Young line, but the true Samuel Young N 9 W line runs between points 1 and 2 as shown on the Government map filed in the Federal condemnation suit in 1937 to which reference has been made in the third paragraph of this opinion. However, the commissioner held in his report that the pleadings, proof and judgment in the consolidated actions show that J. B. White in drawing the line on his map depicted the Samuel Young N 9 W line at practically the same location at which those claiming under Townsend claimed it to be in the present litigation, and the location of the line by the 1918 judgment, even though erroneous, is res judicata as to persons claiming under White and to those claiming under Townsend, because the title to the 204 acre tract involved in that litigation is the same involved here.

■ We may note in passing that the master commissioner who preceded Commissioner Carter, the Hon. Richard Colbert, filed a report in which he found the 1918 judgment was not res judicata in this action. However, the Hon. Chester D. Adams, Judge of the Fayette Circuit Court, in a well reasoned opinion upheld the report of Commissioner Carter and adjudged the 1918 judgment was res judicata and held that the title in the oil and gas in this 204 acre tract was in those persons claiming under Townsend. Generally it may be said a plea of res judicata is a bar to a subsequent action where a former judgment has been rendered by a court of competent jurisdiction between the same parties upon the same matter directly involved in the prior suit. 30 Am.Jur. "Judgments" § 161, p. 908. The same text in § 167, p. 912, and § 178, p. 920, says the doctrine of res judicata is based upon estoppel and precludes the relitigation of the same facts and issues. And that text in § 198, p. 939, points out the application of the doctrine is not

dependent upon the correctness of the first judgment. See Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W. 2d 441, 152 A.L.R. 1060; Cain v. Union Central Life Ins. Co., 123 Ky. 59, 93 S.W. 622; Stone v. Winn, 165 Ky. 9, 176 S.W. 933, which support the text just mentioned.

■ In the instant case the contention was over the location of the Young N 9 W line and involved the title to the same 204 acres and was between parties claiming through White and parties claiming through Townsend, and the fact that the judgment of 1918 was erroneous as to the location of the true Young N 9 W line does not under the authorities cited in the preceding paragraph defeat the plea of res judicata of the former judgment.

■ We are fortified in our conclusion that the trial judge did not err because those claiming under Townsend had paid taxes on this 204 acres for some thirty years after the 1918 judgment was entered, and during that interim no taxes were paid on this land by those claiming under White. Furthermore, White's privies made no claim to this land in the condemnation proceedings and they were paid for the surface of 440 acres taken by the Government, and the Townsend privies were paid for the surface of the 204 acres now in dispute.

Also, White's privies were unsuccessful in a forcible detainer action against the Townsend privies in the Powell Circuit Court, which judgment was affirmed by this court in 1951 in White v. Hall, Ky., 245 S.W.2d 603, 605. True, in forcible detainer actions we recognize the title to land is not in issue but only the right of possession is disputed. However, in the Hall opinion it is written, "It [the jury] could scarcely determine the right of possession separate and apart from the right of ownership."

■ Appellants filed a motion and ground for a new trial in which they ask the court to hear further proof, in support of which they have filed the affidavits of C. M. Baker, Gibson Taylor and Rodney White, and a United States Government map showing the location of Tight Hollow Branch, Graining Block Fork, White's Branch and Mill Creek in the vicinity of the land in dispute. An examination of the affidavits and of the map fails to convince us that this is new evidence which is not already in the record, or that any of it which is new evidence would be controlling. Therefore, we hold the court did not err in overruling the motion for a new trial and in failing to re-open the case for additional evidence.

For the reasons given the judgment is affirmed.