David W. COLLINS, Individually and for and on behalf of all other taxpayers and owners of real estate abutting Highway U. S. 60 in Franklin & Woodford Counties, Appellant,

v.

COMMONWEALTH of Kentucky, Department of Highways, etc., et al., Appellees.

Court of Appeals of Kentucky.

March 13, 1959.

Rehearing Denied June 12, 1959.

William B. Gess, Gess, Mattingly, Saunier & Atchison, Lexington, for appellant.

Astor Hogg, Chief Asst. Atty. Gen., E. A. Marye, Jr., Asst. Atty. Gen., for appellees.

BIRD, Judge.

David W. Collins seeks to enjoin the Commonwealth of Kentucky and its Department of Highways from "constructing or attempting to construct" a four lane highway between Frankfort and Versailles along the general route of the present two lane highway designated as U.S. 60 running east and west through the State. He likewise seeks to enjoin them from instituting proceedings to condemn the properties of landowners along the proposed route for the use of the new highway. He brings the action as a taxpayer and as a landowner whose property is about to be condemned and he sues on behalf of all others similarly situated. Plaintiff challenges the necessity of the construction and the necessity of taking the designated lands for the purpose of construction. This he does by charging the defendants with bad faith and abuse of discretion in ordering the construction of the highway and in determining the route and land to be taken for the purpose of such construction.

The case was submitted upon plaintiff's motion for injunction and upon defendants' motion to dismiss.

The trial court held that plaintiff, under the provisions of KRS 177.081 et seq., had an adequate remedy at law and dismissed his complaint. Plaintiff appeals.

We find it necessary to answer only one question. Did the plaintiff have an adequate remedy at law?

Let us keep in mind that this action is predicated upon *lack of necessity*. Under KRS 177.081(1) the "condemnor's decision as to the necessity for taking the property will not be disturbed in the absence of fraud, bad faith, or abuse of discretion." The complaint alleges bad faith and abuse of discretion as the grounds for overriding defendants' decision as to necessity.

An attack on the Department's decision as to necessity is an attack on the right to construct and the right to condemn for the purpose of that construction. Not only does the statute limit the grounds upon which the attack may be made but it provides a remedy applicable especially to such attacks. Let us look to the statutes providing for condemnation proceedings by the Commonwealth and Department of Highways. KRS 177.084 provides as follows:

"Upon the application of the petitioner, and the filing of any necessary affidavits, the clerk of the court shall issue process against the owner to show cause why the petitioner does not have the right to condemn the land, or the use and occupation thereof, and material sought to be condemned."

KRS 177.085 provides as follows:

"Any answer or other pleading filed by the owner or owners in response to the summons shall be filed on or before the first day of the first regular term of the county court after the owner or owners have been summoned the time prescribed by the Civil Code, and shall be confined solely to the question of the right of the petitioner to condemn the property sought to be condemned, but without prejudice to the owner's right to appeal from the amount of the compensation award-ed in the manner provided in subsection (1) of KRS 177.087."

KRS 177.086(4) provides as follows:

"(4) If the owner has filed answer or pleading putting in issue the right of the petitioner to condemn the lands or use and occupation thereof and the material sought to be condemned, the court shall, without intervention of jury, proceed to hear and determine whether or not the petitioner has such right. If the court determines that petitioner has such right, judgment, as provided for in subsection (2) of this section, shall be entered. If the court determines that petitioner does not have such right, it shall enter a judgment which shall contain, in substance:

"(a) A finding that the report of the commissioners conforms to KRS 177.083;

"(b) A finding that the petitioner is not authorized to condemn the lands or the use and occupation thereof and the material for the purposes and under the conditions and limitations set forth in the petition, stating the particular ground or grounds on which the petitioner is not so authorized;

"(c) An order dismissing the petition and directing the petitioner to pay all costs."

KRS 177.087 provides for appeals to both the Circuit Court and the Court of Appeals.

We have, by defense, a complete remedy wholly unrelated to the question of compensation and damages, and pertaining solely to the very question raised in the complaint. Here the appellant chose not to use the remedy. In 28 Am. Jur. 233 it is said:

"The applicable rule, reaffirmed in almost every case dealing with the matter, is that in the absence of some

positive provision of the law to the contrary an injunction will not be granted in cases where there is a choice between the ordinary processes of law and the extraordinary remedy by injunction, and the remedy at law is sufficient to furnish the injured party the full relief to which he is entitled in the circumstances."

In 28 Am.Jur. 237 it is also said:

"In accordance with the rule that equity will not assume jurisdiction to issue injunctive relief where there is an adequate and complete remedy at law, a suit for injunction cannot ordinarily be sustained where there exists a statutory legal remedy which will adequately redress the grievances complained of. It is essential, however, in order to defeat a suit for injunction on the ground of the existence of a statutory remedy, that the remedy so provided be speedy, adequate, and complete."

In the same volume at page 238 it is further said:

"The rule refusing injunctions where the complaining party has an adequate remedy at law applies to prevent injunctive relief on grounds which may be interposed and availed of by way of defense to a legal action. *Thus, the prosecution of an action at law will not be enjoined if it appears that the grounds upon which the injunction is sought are fully available by way of defense to the action at law.*"

■ The foregoing general statements of the law are controlling here. The remedy provided by statute is detailed from the summons, through judgment, to final appeal in this Court. If pursued it could and would fully and completely determine the issue of necessity raised in this action and is therefore adequate. The statutory remedy is available from the time of summons and, on its face, is sufficiently speedy.

It is presumed that the trial judges will perform their duties and expedite business to meet the exigencies of matters pending. With this kind of action on the part of the court together with the prompt action of the landowner when the remedy becomes available to him, there can be little doubt that the statutory remedy is full, speedy, complete and adequate. However, should the wheels of justice turn too slowly to preserve the status quo, the owner, once having invoked the statutory remedy, may then ask for such equitable action as is necessary to preserve the rights intended to be preserved under the statute.

In the case of City of Dallas v. Wright, 120 Tex. 190, 36 S.W.2d 973, 974, 77 A.L. R. 709, we have an analogous situation. The City of Dallas by the authority of an ordinance levied a special assessment against the property of Wright. A statutory remedy was provided whereby the property owner could challenge the validity of the proceedings. Suit was filed under the statute attacking the validity of the proceedings. While this action was pending the city sought to sell the tax certificate issued by virtue of the assessment and would thus have cast a cloud on Wright's title to the property. Consequently, while Wright's suit under the statute was pending, he also brought an action seeking to enjoin the sale and assignment of the tax certificate. The city answered the injunction suit and alleged that Wright's remedy under the statute was adequate and that the injunction should not issue. The trial court denied the injunction. The Court of Civil Appeals reversed the trial court. 33 S.W.2d 223. In affirming the Court of Civil Appeals, the Texas Supreme Court said:

"It is quite true that where the statute provides an adequate and complete legal remedy in cases of this character, the statutory remedy is exclusive and must be followed, and the powers of a court of equity acting without and independent of the stat-

ute cannot be invoked. In other words, had the defendants in error not brought suit to set aside the action of the city as provided in the statute, then equity, independent of the statute, and as a method of reviewing the action of the City resulting in the assessment, at least as far as mere errors or irregularities are concerned, could not be invoked as a remedy. * * * So, construing and interpreting the statutes before us, we are of the opinion that in a case where an action is brought under the terms of article 1219 [Vernon's Ann.Civ.St.], and the power of the district court thereby invoked, then the full power of the court, including its equity powers under the general principles of equity, may be resorted to to administer justice between the parties. In fact, once an action is authorized within the jurisdiction of the district court, that court, under its constitutional power to issue injunctions and grant equitable relief generally, can grant such relief when necessary under the general principles of equity jurisprudence, without reference to statutory authority. That power is derived from the Constitution. Anderson County v. Kennedy, 58 Tex. 616, and other authorities supra.

"The statute under review provides an exclusive remedy under ordinary conditions to the extent that the statutory remedy of suit within the ten-day period must be followed, but when once the suit is filed within time, all the powers which the district court may properly exercise under established principles of law and equity may be invoked."

We are persuaded to hold here that the landowner must first avail himself of the statutory remedy before calling upon equity. "No principle is better settled than that a court will protect its jurisdiction by preserving the subject-matter of the litigation in order to make its decrees effective." City of Dallas v. Wright, supra [120 Tex. 190, 36 S.W.2d 976]. So, if for any reason the efficacy of the remedy is threatened, the court may upon proper application resort to injunctive relief to preserve the remedy afforded by the statute. This, we think, is consistent with the plain intent of the statute.

Here we have nothing but a bare averment that the statutory remedy is inadequate. It was not tried and, until it is, it will be presumed that the remedy is adequate.

The trial court was correct in denying the injunction and dismissing the action.

The judgment is therefore affirmed.