**Melvin STILLPASS et al., Petitioners,**

v.

**Charles NIBLACK, County Judge,
Boone County, Respondent.**

Court of Appeals of Kentucky.

May 8, 1964.

A. J. Jolly, Newport, for petitioners.

William P. McEvoy, Burlington, for respondent.

PALMORE, Judge.

This is an original proceeding by which the landowners in a condemnation suit seek collaterally to prevent the taking of their property while they are still litigating the issue of the condemnor's right to take. The respondent as Judge of the Boone County Court having entered a judgment adverse to their contention, they ask this court to prohibit him from issuing a writ of possession, citing Const. § 110 and RCA 1.420.

It was pointed out in Cunnigan v. Jones, Ky., 371 S.W.2d 624 (1963), Coffey v. Anderson, Ky., 371 S.W.2d 624, 625 (1963), and Howell v. Wilson, Ky., 371 S.W.2d 627 (1963), that a proceeding in the nature of prohibition or mandamus against the judge of a court inferior to the circuit court should be brought in the circuit court. After the filing of their petition in this court the petitioners did bring a similar action in the Boone Circuit Court, which denied the relief sought, whereupon the petition in this court was amended to show that fact.

The record does not disclose whether the petitioners have appealed either the county court judgment in the condemnation case or the circuit court judgment in the prohibition case. Certainly, however, prohibition will not lie if adequate relief is available in the condemnation proceeding. If a landowner will suffer irreparable damage by a taking of his property before he is able to secure a judgment of the circuit court on the issue of the condemnor's right to take, the circuit court has the power to grant injunctive relief in the condemnation proceeding once the landowner avails himself of its jurisdiction by perfecting a timely appeal from the judgment of the county court. Cf. Collins v. Commonwealth, Ky., 324 S.W.2d 406, 409 (1959). Hence the conventional procedure affords an adequate remedy.

The petition for an order of prohibition is denied.