**Lester IDOL et al., Petitioners,**

v.

**W. R. KNUCKLES, Judge of the Bell Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Nov. 6, 1964.

William A. Watson, Watson & Watson, Middlesboro, for petitioners.

Glenn W. Denham, Middlesboro, for respondent.

WADDILL, Commissioner.

The Urban Renewal and Community Development Agency of the City of Middlesboro instituted an action in the Bell Circuit Court to condemn petitioners' property in accordance with KRS 99.420. By answer the petitioners challenged the right of the Agency to take their property and thus far no hearing on this issue has been asked or held. Meanwhile, the Agency has demanded under the provisions of KRS 99.420(9) that the court enter an interlocutory judgment awarding to it the possession, use and control of this property.

Petitioners now seek an order from this Court prohibiting respondent from entering an interlocutory judgment prior to a hearing and determination of the issue raised by petitioners' answer. They urge that if the interlocutory judgment is entered at this time they will be denied due process of law afforded them by Sections 2, 7 and 14 of the Constitution of Kentucky, and by the 5th and 14th Amendments to the Constitution of the United States because their property will have been taken and irreparably damaged prior to any determination whatsoever that the Agency has the authority to condemn it.

We observe that the constitutionality of KRS, Chapter 99, generally has been upheld by this Court but questions relating to its proper execution and administration were specifically reserved. Miller v. City of Louisville, Ky., 321 S.W.2d 237. We must now decide a procedural question arising under the condemnation section of this chapter.

■ Upon the record and an oral hearing before this Court it is apparent that petitioners seek to be heard on the public need for and use of their property. A determination of necessity by the municipal authorities is ordinarily conclusive and only in unusual circumstances will the judiciary inquire into the question of necessity. Louisville & N. R. Co. v. City of Louisville, 131 Ky. 108, 114 S.W. 743, 24 L.R.A.,N.S., 1213. Whether the property proposed to be condemned will be put to a public use is a proper subject for judicial determination. Spahn v. Stewart, 268 Ky. 97, 103 S.W.2d 651.

Subsection (5) of KRS 99.420 provides in part:

"* * * Any issue raised in the answer or other pleading filed, putting in issue the right of the agency to condemn the property shall be promptly heard and decided by the court, without a jury. * * *."

■ This subsection specifically entitles the petitioners to a hearing in the circuit court. However, the Agency contends that the circuit court is required to enter an interlocutory judgment pursuant to the provisions of subsection (9) of this statute even though the issue raised by petitioners'

answer has not been heard. If this contention were upheld it would permit the taking, and possible damage, of petitioners' property before any hearing and determination of the right to condemn as provided by subsection (5). We do not believe that the legislature intended such an illusory determination of this right. We will not ascribe to these subsections a meaning which will produce an absurd result. Board of Barbers etc. v. Mayo State Vocational School, Ky., 259 S.W.2d 452. A proper construction of them requires that if, prior to the entry of an interlocutory judgment under subsection (9), the issue of the right of the Agency to condemn is timely and properly raised, as in the instant case, it shall be heard and determined before entry of a judgment awarding the Agency the possession, use and control of the property being condemned.

Wherefore the respondent is prohibited from entering an interlocutory judgment prior to a hearing and determination of the issue raised by the answer.

Prohibition granted.