Melvin **STILLPASS** et al., Appellants,

v.

**KENTON COUNTY AIRPORT BOARD, INC.,** Appellee.

Court of Appeals of Kentucky.

May 20, 1966.

case. Hence the attempted appeal must be dismissed. Peters v. Board of Education of Hardin County, Ky., 378 S.W.2d 638 (1964).

Since the parties have gone to the trouble of briefing the case on its merits, and in order to avoid the necessity of encountering the question again on a subsequent appeal, we shall nevertheless extend this opinion to clarify the present status of the issue of whether the condemnor has the right to take.

In accordance with KRS 177.082 the action was brought in the Boone County Court. As permitted by KRS 177.085, an answer was filed challenging the right to condemn. Without conducting a hearing on that issue, though a hearing is required by KRS 177.086(4), the county court appointed commissioners, received their report, and entered a judgment finding that the petitioner has the right to condemn and awarding the amount of compensation fixed by the commissioners' report.

Conceiving that the judgment of the county court was void or, if only voidable, the court was acting so erroneously and in violation of their constitutional rights that extraordinary relief was authorized, the landowners filed in this court a petition for temporary and permanent writs to prohibit the county judge from authorizing the petitioner to take possession. Our opinion in Stillpass v. Niblack, Ky., 378 S.W.2d 794 (1964), pointed out that this is the wrong court in which to bring a prohibition suit against a county judge and that in any event a direct appeal to the circuit court in the condemnation proceeding was an adequate avenue of relief. It was noted also in that opinion that the landowners in the meantime had unsuccessfully sought a writ of prohibition from the Boone Circuit Court, but that the record before us did not disclose whether they had appealed either the county court judgment in the condemnation case or the circuit court judgment in the prohibition case.

A. J. Jolly, Newport, for appellants.

William McEvoy, Burlington, for appellee.

PALMORE, Judge.

This is an attempt by the defendant landowners in a condemnation proceeding instituted under the provisions of KRS 183.133(5) and KRS 177.081 et seq. to appeal from an order and amended order of the circuit court determining that the condemnor has the right to take the property in question and overruling the landowners' motion for an injunction.

So far as the injunctive aspect of the proceeding is concerned, CR 65.07 provides the correct procedure for securing interlocutory relief from this court when it has been denied by the trial court. That procedure was not invoked in this case.

With respect to the determination that the condemnor has the right to take, although the order recites that it "constitutes a final adjudication of the issue of Appellee's right to take, and that the only issue remaining in this case is the issue of just compensation," nowhere in either of the orders is contained "a determination that there is no just reason for delay," which is specifically required by CR 54.02 in order to render appealable any decision that does not dispose of all the issues in a

■ The landowners did, of course, appeal from the county court judgment in the condemnation case, and in the circuit court they raised the issue of the appellee's right to condemn, as they had the right to do, and moved for an injunction against the taking of possession until that question could be determined. This was the orderly and correct method of proceeding. When the right to take is in issue, and if the owner will be irreparably injured by an immediate loss of possession, he may ask for and is entitled to a temporary injunction at any time after he perfects an appeal to the circuit court. That is why a writ of prohibition is an unnecessary and therefore inappropriate remedy. Stillpass v. Niblack, Ky., 378 S.W.2d 794 (1964); Collins v. Commonwealth, Ky., 324 S.W.2d 406, 409 (1959).

In their prohibition proceeding in the Boone Circuit Court the landowners relied upon the alleged lack of condemnor's right to take, hence the invalidity or error of the county court judgment, as their substantive ground for relief, demanding in the prayer of the complaint that the court "herein determine that the said Kenton County Airport Board, Inc., is without lawful authority to condemn the property of petitioners." The final order of the circuit court denying prohibition categorically decided that issue by finding "that the Kenton County Airport Board, Inc., has the right to take." There was no appeal from that judgment, and in denying injunctive relief in this case the trial court evidently felt that the issue of condemnor's right to take was res judicata.

■■ Though it was not necessary for the circuit court in the prohibition case to reach the question of condemnor's right to take (the remedy of prohibition being inappropriate and subject to denial anyway), since it was put in issue and expressly decided we might be inclined to say it *was* res judicata (or, technically, concluded by estoppel) except for the fact that the condemnor was not a party to that proceeding.

It was brought by the landowners against the county judge. One of the elementary essentials of estoppel by judgment is a substantial identity of parties. Freeman on Judgments, § 671. Whether the condemnor participated in the defense of the prohibition case to such an extent as to become effectually a "party" and thus would have been bound by the judgment had it gone the other way we cannot say, because the proceedings below did not reach that stage of inquiry. See McKenzie v. Hinkle, 271 Ky. 587, 112 S.W.2d 1019, 1021 (1938), and Barnett v. Commonwealth, Ky., 348 S.W.2d 834 (1961), for discussions of the subject. For that reason, whether the judgment in the prohibition case concludes the issue of condemnor's right to take remains a live coal in the hands of the trial court yet to be determined in this case. If it be decided in the negative, then the basic issue of the right to condemn must be heard and decided on its merits.

The attempted appeal is dismissed sua sponte.