William H. CARTMELL et al., Appellants,

v.

The URBAN RENEWAL AND COMMUNITY DEVELOPMENT AGENCY OF the CITY OF MAYSVILLE, Kentucky et al., Appellees.

Court of Appeals of Kentucky.

Oct. 20, 1967.

Donald L. Wood, Fox, Wood & Wood, Maysville, Robert F. Stephens, C. Gibson Downing, Stoll, Keenon & Park, Lexington, for appellants.

Robert G. Zweigart, Royse, Zweigart & Kirk, Maysville, for appellees.

STEINFELD, Judge.

Owners of real estate in Maysville whose property is about to be taken under a plan for urban renewal and rehabilitation brought this action to enjoin the taking. From a judgment dismissing their suit they have appealed. We affirm.

In April 1967 the Urban Renewal and Community Development Agency of the City of Maysville sued Louis and Cecile Brown in one action; Alice S. O'Neill in another and William H. Cartmell, et al in the third, to condemn the parcel of land owned by each of them. KRS Chapter 99. Each answered and alleged that the agency had "no right to condemn the land sought to be condemned because of its failure to comply with the provisions of KRS 99.370,

thereby making the development plan illegal." Exceptions to the amount of the award were filed, but no additional issues were presented. KRS 99.420(6). The record in each of those three suits shows the following:

"This matter coming on to be heard, on the answer of the defendants contesting plaintiff's right to condemn and the Court having heard the same and being advised, IT IS NOW ORDERED AND AD-

JUDGED that the said defense be, and now is, denied and said answer dismissed. Let this Order be entered this 1st day of July, 1967.

/s/ John A. Breslin
_____
Circuit Judge"

The agency then made "Demand For Interlocutory Judgment", whereupon the trial court entered in each case the following:

## "INTERLOCUTORY JUDGMENT

It appearing that the Commissioners have duly made their Report and Award and that Plaintiff has made demand for Interlocutory Judgment pursuant to KRS 99.420(9) and that all legal requirements have been satisfied, including deposit of the Commissioners' Award, in the sum of $_____[1], with the Mason Circuit Court Clerk,

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff is granted and awarded immediate possession and full and complete use and control of the property sought to be condemned herein, as described in the Complaint, and Plaintiff is hereby entitled to take possession thereof, and to use and control same, including the right to remove, demolish, raze and do away with all buildings, structures, and appurtenances thereon or thereunto belonging, without let, hindrance, interruption or interference by Defendant or anyone claiming under them, to the extent and boundary hereby condemned as fully as if title were conveyed to Plaintiff, this 1 July 1967.

1    July 1967.

/s/  John A Breslin
Mason Circuit Judge"

————◆————

On July 27, 1967, the defendants in those three condemnation actions, individually and as taxpayers, jointly sued the Urban Renewal and Community Development Agency of the City of Maysville, Kentucky, and its members individually naming them, together with the City of Maysville, Kentucky and its City Commission members individually and as City Commissioners naming each of them. They charged that the Urban Renewal Agency "is not a legally constituted acting body in that the City of Maysville did not make the findings of fact required by KRS 99.350(1), prior to the

creation of U. R. A."; that the area sought to be condemned is "not a slum or blighted area" as required by KRS 99.360(1)(2); that the plan "is illegal and void because it does not give maximum opportunity to private enterprise as required by KRS 99.450"; "because its purpose is to provide parking" which purpose is not included in Chapter 99 of KRS, and because "no public hearing was held as required by KRS 99.370(3)". They alleged other violations of KRS 99.370(3)(4)(6) and demanded that the defendants "be enjoined from razing and destroying the buildings and

_____
1. The amount of the award was shown, Brown $17,690., O'Neill $14,102., and Cartmell $16,234.

improvements located on the premises" owned by appellants.

Appellees answered and among other things alleged that "This independent action is barred by the doctrine of res judicata * * *"; that the issues were "finally decided" in the condemnation cases; that plaintiffs "are estopped from collaterally attacking the orders entered in" those actions and that plaintiffs have waived their rights "by failing to exhaust their claims, remedies and appeals".

The trial court made findings of fact and entered conclusions of law. CR 52.01. Among other things it said that "all merits of Plaintiffs' claims * * * were fully considered and finally determined in (the) condemnation actions". It is also stated that under the doctrine of res judicata and collateral estoppel the appellants were barred from further contesting the right of the Urban Renewal Agency to condemn the property, therefore, it dismissed the suit.

■ KRS 99.420 sets out the procedure to be followed in urban renewal eminent domain proceedings. We note that the owner who puts in issue the right to take his property is without protection after an adverse judgment, in that the agency may be given authority to take possession under KRS 99.420(9) and the improvements may be demolished before the issue is finally determined. That statute does not provide for an appeal from the decision of the right to take until after a final judgment is entered in the action. For these reasons several members of this court question the constitutionality of that statute. However, this question is not raised so we meet only the issues before us. In the suits to condemn, pursuant to that statute, it was proper for the trial court to determine whether the agency had the right to take the property. Idol et al. v. Knuckles, Ky., 383 S.W.2d 910 (1964).

The suit now before us was correctly dismissed but not for the reasons stated.

No final judgment had been entered in the condemnation actions. Peters v. Board of Education of Hardin County, Kentucky, Ky., 378 S.W.2d 638 (1964); Williams v. McMinn County, 207 Tenn. 585, 341 S.W.2d 730 (1960).

In Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441, 152 A.L.R. 1060, we said:

"The rule of res judicata means that when a court of competent jurisdiction has determined a fact or question which was actually and directly in issue in a former suit, the judgment until reversed or modified, is final and conclusive in respect to such fact or question as between the parties to the suit and their privies. Co-operating Land & Development Co. v. Swiss Oil Corporation, 226 Ky. 526, 11 S.W.2d 109; Ewald's Ex'r [and Trustee] v. City of Louisville, 192 Ky. 279, 232 S.W. 388."

In that same opinion we referred to Freeman on Judgments, 5th edition, vol. 2, §§ 676 and 677 wherein it was said:

"Where the cause of action in the second action is the same as that in the first action, a final judgment in the latter upon the merits is a complete bar to the maintenance of the second action."

In Wallace et al. v. Ashland Oil and Transportation Company et al., Ky., 305 S.W.2d 541 (1957) we wrote:

"Generally it may be said a plea of res judicata is a bar to a subsequent action where a former judgment has been rendered by a court of competent jurisdiction between the same parties upon the same matter directly involved in the prior suit."

■ Finality of decision is a prerequisite to the defense of res judicata and collateral estoppel. The orders "dismissing the answers" were interlocutory, just as are the Interlocutory Judgments in the condemnation actions. These cases were still

pending and awaiting final adjudication. It was improper to institute this suit rather than seek prohibition here and substantially follow the procedure explained in Stillpass v. Kenton County Airport Board, Ky., 403 S.W.2d 46 (1966) which originated in a county court. The appellants had failed "to exhaust their claims, remedies and appeals", which was another defense interposed by appellees.

This court granted "a temporary injunction restraining the appellees, their agents, servants, employees, contractors and attorneys, from razing and demolishing those properties known as 30, 36 and 38, West Front Street, Maysville, Mason County, Kentucky." CR 65.08. We ordered that this "injunction shall remain in effect until further orders of this court." It is our opinion that the injunction should be continued until mandate issues in the proceedings now before us and it is so ordered.

For the reasons expressed in this opinion the judgment is affirmed.

All concur.