**William H. CARTMELL et al., Appellants,**

**v.**

**URBAN RENEWAL AND COMMUNITY DEVELOPMENT AGENCY of the CITY OF MAYSVILLE, Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 14, 1968.

Robert F. Stephens, Lexington, Donald Wood, Maysville, Chester P. Care, Lexington, for appellants.

Charles L. Kirk, Robert G. Zweigart, Royse, Zweigart & Kirk, Maysville, for appellee.

STEINFELD, Judge.

Pursuant to Chapter 99 of the Kentucky Revised Statutes an urban renewal and redevelopment agency was created in the City of Maysville. Being unable to contract with the several appellants, it brought suit in the circuit court to condemn their three houses and the land on which they are situated. KRS 99.420(1). They are located in a redevelopment project area. The owners insist that the

agency has no right to take their property. After extensive litigation, some of which was discussed in Cartmell v. Urban Renewal and Community Development Agency, etc., Ky., 419 S.W.2d 719 (1967), the circuit court held for the agency. The amount of the award to each of the parties was paid into court.

The condemnees claim that if their property is taken before there is a decision on this appeal they will be irreparably damaged, therefore, they moved the circuit court to continue, during this appeal, a previously granted injunction which had prohibited the agency from taking possession. CR 65.08(1). The motion was denied but it was renewed here. CR 65.08(2). The agency has moved that the appeal be dismissed. The case has not been submitted in this court for a decision on its merits.

We hold that the appeal should not be dismissed, that the rights to appeal should be considered along with the merits of the case, but the motion for injunctive relief should be denied.

KRS 99.420(14) reads as follows:

"An appeal may be taken by either party in interest from the circuit court to the Court of Appeals in the manner, for any of the causes and subject to the rules provided by general laws regarding appeals from circuit court to the Court of Appeals, but no appeal or supersedeas shall suspend the right of the agency to have possession of the property, easement or right of way condemned. Such appeals shall be advanced on the docket of the Court of Appeals."

In Shirley v. Southern Ry. in Kentucky, 26 Ky.Law Rep. 360, 81 S.W. 268 (Ky. 1904), the railway condemned Shirley's property in county court. The commissioners awarded $2,500.00 whereupon exceptions were filed and a jury in that court reached a verdict of $2,400.00. The condemnor appealed to the circuit court where, after a trial de novo, the award was $1,700.00 which was paid into court and a

writ of possession was asked for and granted. The owners appealed to the court of appeals and executed a supersedeas bond. The railway made motion "to discharge the supersedeas, in order that they may take possession of the land and proceed with the construction of their railway thereon." Part of the statute involved in Shirley provided:

"Either party may appeal to the circuit, court by executing bond as required in other case * * * upon the confirmation of the report of the commissioner by the county court, or the assessment of damages by said court, * * * and the payment to the owners of the amount due, * * * the railroad company shall be entitled to take possession of said land and material, and to use and control the same for the purpose for which it was condemned * * *. But * * * it shall not be entitled to take possession of the land or material condemned until it shall have paid into court the damages assessed and all costs."

The opinion in Shirley concluded:

"It follows, therefore, that the landholder cannot, after the tender to him of the damages awarded by the verdict of the jury in the circuit court, delay the railroad company in taking possession of the land under the judgment by the execution of a supersedeas bond."

In Stillpass v. Kenton County Airport Board, Inc., Ky., 403 S.W.2d 46 (1966), a condemnation suit under KRS 183.133 (5) and KRS 177.081 et seq., we said: "When the right to take is in issue, and if the owner will be irreparably injured by an immediate loss of possession, he may ask for and is entitled to a temporary injunction at any time after he perfects an appeal to the circuit court." KRS 177.087 (3) provided that "Appeals may be taken to the Court of Appeals from the final judgment of the circuit court as in other cases except that an appeal by the owner shall not operate as a supersedeas." The statutes controlling Stillpass did not prohibit the court from enjoining a taking during an appeal to the circuit court.

Many other eminent domain statutes prohibit interference with a public or quasi-public project through delays while appeals are pending above the circuit court level. See KRS 94.710(3) Public purpose in second class cities; KRS 177.087(3) Highways; KRS 416.080 Railroads; KRS 416.200 Telephone lines; and KRS 416.280 (3) Pipelines. Obvious legislative intent is to protect public or quasi-public projects against delays even though the rights of the condemnee remain in litigation.[1]

KRS 99.420(9) provides protection to the landowner. It says:

"The court, or judge thereof, shall thereupon enter an interlocutory judgment granting and awarding to the agency immediate possession and full and complete use and control of the land and property sought to be condemned, and the agency shall thereupon be entitled to take possession thereof and to use and control same, including the right to remove, demolish, raze and do away with all buildings, structures and appurtenances thereon or thereto belonging, without let, hindrance, interruption or interference by the defendants, or anyone claiming under them, as fully as if title had been conveyed to it, and the court, or judge thereof, shall enforce same by appropriate order and proceedings; provided, however, that before any interlocutory judgment is entered, the agency shall pay into the court, by depositing with the clerk of the circuit court, the amount contained and set forth in the report and award of commissioners, and shall at the same time file with the cleark a bond, with surety

1. For a discussion of cases on the validity and construction of similar statutes permitting the condemnor to take possession pending appeal see 55 A.L.R. 201, however, the appeals were "taken merely from the amount of the award."

approved by the court, a judge thereof, or the clerk of the circuit court, conditioned upon the agency paying to the defendants the difference between the sum paid into court, and that which may thereafter be finally determined to be the value of the property or property rights, if any, or incidental damages, if any, unless the agency shall have sufficient sums duly appropriated, properly allocated to that purpose and on deposit to pay for any money judgments, including costs adjudged against the agency, that may thereafter be rendered against it, and further provided that such facts are alleged in its complaint or in any supplement or amendment thereto, in which event a bond shall not be required of it. * * * The withdrawal of the amount by the defendants shall not prejudice or prevent defendants from filing answer, pleading or exceptions in the case, or from pursuing same if already filed, or taking any appeal, the same as if no withdrawal had been made."

 The general assembly may grant or deny the right of appeal. We said in Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917 (1933), that "The right of a litigant to appeal is not a matter of absolute or constitutional right, but it is a right given in some cases, by the Legislature, and in conferring that right, it is competent for the Legislature to say what cases may be appealed, and in what cases an appeal will not lie." Earlier it had been held that an appeal "is not a matter of right but a matter of grace." Hart v. Commonwealth, 207 Ky. 343, 269 S.W. 300 (1924). It is purely a statutory right, Brewer v. Commonwealth, Ky., 283 S.W.2d 702 (1955); White v. Commonwealth, Ky., 287 S.W.2d 625 (1956), and is not incident to due process. Commonwealth, Dept. of Highways v. Fister, Ky., 376 S.W.2d 543 (1964). From the foregoing we reason that the part of KRS 99.420(14) which states that "no appeal or supersedeas shall suspend the right of the agency to have possession of the property, easement or right

of way condemned" during the pendency of the appeal to the court of appeals is not unconstitutional.

It is our opinion that the trial court correctly refused to continue the injunction pending the appeal. Collins v. Commonwealth, Ky., 324 S.W.2d 406 (1959) and Stillpass v. Niblack, Ky., 378 S.W.2d 794 (1964).

The motion for the injunction should be and it is denied.

All concur.