**William H. CARTMELL et al., Appellants,**

**v.**

**URBAN RENEWAL & COMMUNITY DEVELOPMENT AGENCY OF the CITY OF MAYSVILLE, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 4, 1968.

Dissenting Opinion Oct. 11, 1968.

Robert F. Stephens, Lexington, Donald Wood, Maysville, Chester P. Care, Lexington, for appellants.

Charles L. Kirk, Robert. G. Zweigart, Royse, Zweigart & Kirk, Maysville, for appellee.

DAVIS, Commissioner.

For the third time we are called upon to consider litigation which has arisen incident to condemnation proceedings in Maysville by the Urban Renewal & Community Development Agency of Maysville (hereinafter URA). See Cartmell v. Urban Renewal & Community Development Agency of City of Maysville, Ky., 419 S.W.2d 719, and Cartmell v. Urban Renewal & Community Development Agency of City of Maysville, Ky., 430 S.W.2d 649, decided June 14, 1968. A general background of the matters involved may be had by reference to the just cited decisions, but we recount so much of the facts as pertain to the present decision.

URA instituted condemnation proceedings against the appellants, owners of three separate tracts of land in Maysville. As authorized by KRS 99.420(5), the appellants contested the legality of the taking in the circuit court and have arduously resisted the condemnation proceedings as being illegal in their entirety for various reasons.

As was pointed out in Cartmell v. Urban Renewal & Community Development Agency of City of Maysville, Ky., 419 S. W.2d 719, after the circuit court had ruled adversely to these appellants as to their contentions that URA was without authority to condemn their property, appellants instituted a separate suit seeking to enjoin the taking of their property. When that action was dismissed, the present appellants brought appeal to this court where the judgment was affirmed in Cartmell v. Urban Renewal & Community Development Agency of City of Maysville, Ky., 419 S. W.2d 719. In the course of the opinion on that appeal, some doubt was cast upon the constitutionality of KRS 99.420 as respects the limitation of the right to appeal to this court, but that question was not passed upon as the matter was not before the court.

Thereafter, further proceedings were had in the circuit court in the condemnation cases, and the interlocutory judgment granting URA immediate possession and full and complete use and control of appellants' property (entered July 1, 1967, pursuant to KRS 99.340(9)) remained undisturbed, and the court entered final judgment concluding the litigation at the circuit court level.

Appellants present arguments in which they assert the unconstitutionality of KRS 99.420, and alternatively, that the urban renewal plan which resulted in the condemnation of their properties was illegal and void because: (1) The plan was not inspected and approved as required by KRS 99.370; (2) the plan was arbitrary, capricious, and unreasonable because it was adopted and prepared without proper or sufficient studies and analyses; (3) the area included in the plan is not a slum or blighted area as definitively required by KRS 99.340(1); (4) the plan did not give maximum opportunity to private enterprise as required by KRS 99.450; and (5) the urban renewal plan is void because its pur-

poses are not within the purposes provided for and contemplated by KRS Chapter 99. We do not reach a discussion of these arguments on the merits. It will be recalled that this court held in Cartmell v. Urban Renewal & Community Development Agency of City of Maysville, Ky., 430 S. W.2d 649, decided June 14, 1968, that KRS 99.420(14) is constitutional. That section provides:

"An appeal may be taken by either party in interest from the circuit court to the Court of Appeals in the manner, for any of the causes and subject to the rules provided by general laws regarding appeals from circuit court to the Court of Appeals, but no appeal or supersedeas shall suspend the right of the agency to have possession of the property, easement or right of way condemned. Such appeals shall be advanced on the docket of the Court of Appeals."

It will be noted that by the express language of the statute no appeal to this court is effective to suspend the agency's right to possession of the property. KRS 99.-420(9) provides for an interlocutory judgment in condemnation proceedings for urban renewal and redevelopment, and among other things, contains the mandate that such an interlocutory judgment shall award to the agency "immediate possession and full and complete use and control of the land and property sought to be condemned, and the agency shall thereupon be entitled to take possession thereof and to use and control same, including the right to remove, demolish, raze and do away with all buildings, structures and appurtenances thereon * * *, without let, hindrance, interruption or interference" provided only that before obtaining such an interlocutory order the agency shall have paid into the court a sum equal to the award of the commissioners appointed to appraise the property for condemnation purposes. In Idol v. Knuckles, Ky., 383 S. W.2d 910, we have occasion to consider the application of KRS 99.420(9) when a condemning agency sought interlocutory judgment before adjudication of its right to take the property as raised by appropriate pleadings in the circuit court. In Idol we held that if the issue of the right of the agency to condemn is properly presented it must be adjudicated before the court awards the interlocutory judgment provided in KRS 99.420(9). That ruling vouchsafed to property owners the right to a due process hearing in a court of general jurisdiction prior to the summary taking permitted by KRS 99.420(9).

The narrow question now is whether the language of KRS 99.420(14) precludes an appeal testing the propriety of the circuit court's ruling upholding the agency's right to take. It is our conclusion that the effect of KRS 99.420(14) is to deny an appeal challenging the agency's right to condemn. We have observed that once the circuit court affords a hearing and renders a judgment sustaining the agency's right to condemn, the interlocutory judgment is then appropriate. It is apparent that the intent of KRS 99.420(9) is to enable expeditious action in the matter of proceeding with development of property taken in cases processed under KRS Chapter 99. We think the quick taking device afforded by the statute would be frustrated and without meaning if KRS 99.420(14) were to be construed as permitting an ultimate appellate review of the circuit court's actions in deciding the issues touching the question of the right to take. It could hardly be supposed that an agency would or could proceed with development of an area in which there remained the lurking doubt as to the ultimate right of the agency to acquire the property. It follows that the appeal which has been undertaken in the present proceeding is one over which we have no jurisdiction.

Accordingly, the appeal must be, and it is, hereby dismissed.

MONTGOMERY, C. J., and MILLIKEN, OSBORNE, PALMORE and WILLIAMS, JJ., concur.

STEINFELD and EDWARD P. HILL, JJ., dissent.

STEINFELD, Judge (dissenting).

I respectfully dissent from the statement in the opinion: "It is our conclusion that the effect of KRS 99.420(14) is to deny an appeal challenging the agency's right to condemn." The statute says that: "* *, but no appeal or supersedeas shall suspend the right of the agency to have *possession* of the property, easement or right of way condemned." (Emphasis mine.) A challenge of the right of the agency to condemn property for an urban renewal project and a suspension of the right of the agency to have possession are two entirely different matters. The statute gave the right of appeal "* * *, for any of the causes * * * provided by general laws regarding appeals from circuit court to the Court of Appeals, * * *". It is my opinion that the appeal should not have been dismissed although I am completely in accord with the principle that the appeal must not delay the agency in taking possession of the property.

HILL, J., joins in this dissent.