**J. W. ANDERSON et al., Appellants,**

**v.**

**The URBAN RENEWAL AND COMMUNITY DEVELOPMENT AGENCY OF the CITY OF PADUCAH, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1968.

Rehearing Denied Feb. 21, 1969.

**534**

---

Michael Avedisian, Andrew H. Avedisian, Paducah, for appellants.

Roy N. Vance, Paducah, for appellee.

SCOTT REED, Special Commissioner.

This is an appeal from an order adjudging that the Urban Renewal Agency of Paducah has a right to condemn real property owned by the appellants.

The Agency, appellee herein, brought suit in the McCracken Circuit Court pursuant to KRS Chapter 99. The appellants maintained that their property was not properly located in the redevelopment project area and that appellee had no right to condemn and take their property. Both the landowners and the Agency excepted to the appraisal made by the commissioners appointed by the circuit court. The landowners raised the right of the Agency to condemn the property by an affirmative defense in an answer filed. By agreement of the parties a hearing was held solely on the question of whether the taking was for a public or private purpose. The trial court filed findings of fact and conclusions of law and entered an order adjudging that the Agency had a right to condemn the property. Pursuant to CR 54.02 the order was made a final judgment. Apparently no further proceedings were taken in the case to try out the issue of damages, and appellants prosecuted an appeal from the order adjudging the right of the appellee to condemn and take the property.

The proceedings from which the order appealed from resulted were held pursuant to KRS 99.420(9), which provides that after legal requirements specified in the statute are met, including the payment of the amount of the commissioners' award into court, an interlocutory judgment granting and awarding to the Agency immediate possession shall be entered.

KRS 99.420(14) provides that an appeal may be taken by either party in interest from the circuit court to the Court of Appeals in the manner, for any of the causes and subject to the rules provided by general laws regarding appeals from circuit courts to the Court of Appeals. But this section of the statute specifically provides that no appeal or supersedeas shall suspend the right of the Agency to have possession of the property, easement or right-of-way condemned. It further provides that such appeal shall be advanced on the docket of the Court of Appeals. Thus it appears that the proceedings with which we are here dealing are statutory proceedings and the Legislature has clearly stated its intent to protect public or quasi-public projects which are the subject matter of the statute against delays even though the rights of the condemnee remain in litigation. Note that the order provided for by KRS 99.-420(9) allowing possession of the property by the condemnor is specifically described as "interlocutory." Note also that KRS 99.420(14) specifically provides that no appeal or supersedeas shall suspend the right of the Agency to have possession of the property.

It was determined in Cartmell v. Urban Renewal & Community Development Agency of City of Maysville, Ky., 432 S. W.2d 445 (decided October 4, 1968), the third opinion delivered by this court in that particular litigation, "that the effect of KRS 99.420(14) is to deny an appeal challenging the agency's right to condemn." Hence the attempted appeal in this case must be dismissed.

Appeal dismissed.

MONTGOMERY, C. J., and MILLIKEN, PALMORE, OSBORNE and WILLIAMS, JJ., concur.

EDWARD P. HILL and STEINFELD, JJ., dissent.