Wayne MURTY, Robert Murty, Jeane Murty, Duane Murty and Lucy M. Murty, Appellants,

v.

LEXINGTON–FAYETTE URBAN COUNTY AIRPORT BOARD, Appellee.

Court of Appeals of Kentucky.

Feb. 13, 1981.

Rufus Lisle, Lexington, Michael Berger, Santa Monica, Cal., for appellants.

Sandra Dawahare, Weldon Shouse, Lexington, for appellee.

## OPINION AND ORDER DISMISSING APPEAL

Before VANCE, WILHOIT and WINTERSHEIMER, JJ.

VANCE, Judge.

We must dismiss this attempted appeal because it is from an interlocutory order, not a final judgment.

The action in trial court sought to condemn an easement across appellants' property. The appellants challenged the right of appellee to condemn the easement. The order appealed from determined that appellee had the right to condemn and granted possession of the easement to the appellee upon payment into court of the amount of the Commissioner's award. The issue of the full amount required to be paid for this easement is yet to be tried and decided by a jury.

The statutes under which this action was commenced provide that any question raised concerning the right to condemn

shall be disposed of by an interlocutory order. The order entered by the trial court was styled "Interlocutory Order and Judgment".

The order was clearly not a final, appealable order within the meaning of CR 54.02. It does not contain a finding that it is a final judgment and that there is no just reason for delay. Without such a recitation no judgment which fails to dispose of all the claims asserted is final. *Stillpass v. Kenton County Airport Board, Inc.*, Ky., 403 S.W.2d 46 (1966).

A trial judge is authorized by CR 54 to make a judgment appealable when it completely disposes of one or more claims in a multiple claim action by the recitations enumerated in the rule, but if the action presents only a single claim, an interlocutory order disposing of some issue concerning the claim, but not disposing of the claim entirely, cannot be made appealable by the trial court. *Hale v. Deaton*, Ky., 528 S.W.2d 719 (1975).

The appellants contend the order grants immediate possession of the easement to appellee with the right to enter thereon, cut trees and do other acts which will constitute irreparable injury for which there is no adequate remedy unless an appeal can be prosecuted presently.

In *Stillpass v. Kenton County Airport Board, Inc., supra*, the precise question presented here by appellants was considered and it was suggested that utilization of CR 65.07 is the proper avenue for relief.

The appeal is DISMISSED.

All concur.